UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL, et al.,<br><br>Defendants. | No. 2:19-CR-00107-KJM<br><br><br><br>ORDER |

The court heard argument on the government's motion to require defendants to appear by videoconferencing at all non-critical stage proceedings on October 23, 2019. The government attached as Exhibit K to its motion documents purporting to show defendants housed at the Sacramento County Jail have, *inter alia*, inquired about the details of the jail's locks and U.S. Marshals' prisoner transport practices, made ropes and discussed smuggling contraband into the jail. Exhibit K is not accompanied by an authenticating declaration, and defendants requested an evidentiary hearing on its contents in their reply brief. Reply at 4, ECF No. 196. Having not had the opportunity to respond to the hearing request in its opposition, the government asserted the Federal Rules of Evidence do not apply to evidence the court considers in deciding whether to require defendants to appear by videoconference.

"[A] trial judge has wide discretion to decide whether increased security measures are required when dealing with a defendant who has a propensity for violence." *United States v.*

1

*Cazares*, 788 F.3d 956, 966 (9th Cir. 2015) (citing *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994)).  In exercising its discretion, the trial court "must be persuaded by compelling circumstances 'that some measure was needed to maintain the security of the courtroom.'  Second the court 'must pursue less restrictive alternatives before imposing physical restraints.'"  *Jones v. Meyer,* 899 F.2d 883, 885 (9th Cir. 1990) (quoting *Spain v. Rushen*, 883 F.2d 712, 716 (9th Cir 1989)).  In evaluating whether to impose a security measure based on a defendant's conduct that occurred outside of the presence of the court,

> 'sufficient evidence of that conduct must be presented on the record so that the court may make its own determination of the nature and seriousness of the conduct and whether there is a manifest need for such restraints; the court may not simply rely upon the judgment of law enforcement officers or court security officers or the unsubstantiated comments of others.'

*Gonzalez v. Pliler*, 341 F.3d 897, 902 (9th Cir. 2003) (quoting *People v. Mar*, 28 Cal. 4th 1201, 1221 (2002)).

Here, if accorded weight, Exhibit K appears to show defendants housed at the Sacramento County Jail pose a risk of escape or at the very least disruption of their custodial arrangements or their secure transport to court.  However, the document contains extensive redactions, which were not approved by the court; this aspect of the filing itself leaves the court, at present, unable to find "circumstantial guarantees of trustworthiness" satisfied.  Federal Rules of Evidence 807(a)(1).

In citing to the Federal Rules of Evidence, the court notes the Rules do apply in criminal cases and proceedings, with the exception of preliminary determinations of admissibility, grand jury proceedings, miscellaneous proceedings and exceptions created by statute.  Fed. R. Evid. 1101(b), (d), (e).  Because the government's videoconferencing motion is not brought under any statute, no statutory exception applies. The videoconferencing motion also is not one of the "miscellaneous proceedings"[1] enumerated in the Rule.  While the list of enumerated proceedings

---
[1] Miscellaneous proceedings identified in the Rule include "extradition or rendition; issuing an arrest warrant, criminal summons, or search warrant; a preliminary examination in a criminal case; sentencing; granting or revoking probation or supervised release; and considering whether to release on bail or otherwise." Fed. R. Evid. 1101(d)(3).

2

is non-exclusive, the court declines to extend an exception from the rules of evidence to the evidence offered in support of the pending motion.

In light of the foregoing, the court provides the government an opportunity to make a supplemental filing demonstrating, if it can, the admissibility of Exhibit K in support of its motion to require videoconference appearance at non-critical proceedings. ECF No. 144-11. Any filing shall include an unredacted version of the document that may be delivered to chambers in the first instance, to be considered for permanent sealing under the prior joint request to seal documents, ECF No. 159. It also shall include a declaration authenticating the documents comprising Exhibit K.

IT IS SO ORDERED.

DATED: October 28, 2019.

_____
UNITED STATES DISTRICT JUDGE