UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL, et al.,<br><br>Defendant. | No. 2:19-CR-00107-KJM-CKD<br><br><br><br>ORDER |

The court ordered supplemental briefing on the admissibility of Exhibit K to the government's Motion for Video Teleconferencing, ECF No. 144, to be accompanied by an unredacted version of the exhibit for the court's review. Order, ECF No. 273. The government filed a supplemental brief, ECF No. 281, and lodged an unredacted exhibit with supporting declaration, ECF Nos. 298-1 & 298-2, to be considered for sealing concurrently with the defense request to seal. Defendants Ronald Yandell, Daniel Troxell, William Sylvester, Travis Burhop, Brant Daniel, Donald Mazza, Pat Brady, Jason Corbett, Samuel Keeton and Michael Torres (collectively, the "VTC defendants") filed a joint response in opposition to the government's supplemental briefing, ECF No. 303, and several of them filed individual responses to facts purportedly established by the exhibit. Reply of Jason Corbett, ECF No. 304; Reply of Pat Brady, ECF No. 305; Reply of Samuel Keeton, ECF No. 306; Reply of Travis Burhop, ECF No. 302. Having considered the briefing and as explained below, the court is prepared to hold an

1

evidentiary hearing to allow development of the record with respect to Exhibit K and orders the parties to submit witness lists in advance of the hearing.

I. HEARSAY EXCEPTIONS

The government has proffered Exhibit K, which purports to be records from the Sacramento Jail documenting recent incidents suggesting the defendants housed there were exploring means of escape or disruption of their custodial arrangements and transports to court. The government asserts the custodian's declaration authenticates the jail records as either business records under Federal Rule of Evidence 803(6) or that the records show indicia of reliability satisfying the residual exception in Rule 807. Supp. Filing, ECF No. 281. It does not attempt to argue the documents are public records under Rule 803(8). *Id.* In the alternative, the government argues the rules of evidence should not apply with full force in determining the motion for video teleconferencing. *Id.* The defendants argue the records are neither business records nor do they have equivalent circumstantial guarantees of trustworthiness and are thus inadmissible hearsay. Reply to Supp. Filing, ECF No. 303.

Records of government agencies are not business records; rather, they are public records. *United States v. Morales*, 720 F.3d 1194, 1201 (9th Cir. 2013). The public records exception is limited when it comes to observations by law enforcement personnel: the exception extends to "a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law enforcement personnel[.]" Fed. R. Evid. 803(8)(A)(ii). More specifically reports by law enforcement personnel containing hearsay are admissible if they are limited to "records of routine, nonadversarial matters made in a nonadversarial setting," reflecting "ministerial, objective observations." *United States v. Orellana-Blanco*, 294 F.3d 1143, 1150 (2002) (quoting *United States v. Wilmer*, 799 F.2d 495, 501 (9th Cir. 1986)). This narrow reading of the rule serves the purpose of the law enforcement exception, to "exclude observations made by officials at the scene of the crime or apprehension, because observations made in an adversarial setting are less reliable than observations made by public officials in other situations." *United States v. Lopez*, 762 F.3d 852, 861 (9th Cir. 2014) (quoting *United States v. Hernandez-Rojas*, 617 F.2d 533, 535 (9th Cir. 1980)).

The Ninth Circuit has held several types of records are admissible under the public records exception, notwithstanding their production by law enforcement personnel and use in a criminal proceeding. *See United States v. Orozco*, 590 F.2d 789, 793-94 (9th Cir. 1979) (admitting record made by customs inspector stating car with particular license plate crossed border at particular time); *see also Hernandez-Rojas*, 617 F.2d at 534–35 (admitting warrant of deportation reflecting immigration officer's observation that alien had been deported); *see also United States v. Fryberg*, 854 F.3d 1126, 1133 (9th Cir. 2017) (return of service prepared by sheriff's deputy admissible).

The records comprising and relating to Exhibit K here are distinguishable, however. Deputy Rouse's report is not merely the ministerial reporting of objective facts. In the report, Deputy Rouse purportedly applies his training and experience to reach conclusions from facts observed. For example, he draws the conclusion that a string of ripped clothing is a "line" to move contraband between inaccessible areas. He concludes the cipher/coded message key found by deputies indicated one AB member was trying to teach another how to use it. Ex. K, ECF No. 298-2, at 8. This type of deduction, combined with the investigative nature of the report, implicate the rationale of the law enforcement limitation. *Lopez*, 762 F.3d at 861. The defendants are charged with carrying on a conspiracy in prison; the report is purportedly evidence of conspiratorial activity in custody. The purpose of the report is fundamentally adversarial, despite its not being offered to prove the charges in the indictment.

This conclusion is supported by Federal Rule of Evidence 803(8)(A)(iii), providing for the admissibility "in a civil case or against the government in a criminal case, [of] factual findings from a legally authorized investigation[.]" Exhibit K appears to document factual findings from a legally authorized investigation, but it is expressly excluded from use by the government in the text of the rule. Therefore, Federal Rule of Evidence 807 also does not support the introduction of Exhibit K. Congress did not intend to allow courts to circumvent other express restrictions on the enumerated exceptions in enacting the residual exception. *In re IBM Peripheral EDP Devices Antitrust Litigation*, 444 F. Supp. 110, 113 (N.D. Cal. 1978); *see also AIG Retirement Serv., Inc. v. Altus Fin. S.A.*, 2006 WL 8448743 (C.D. Cal. 2006) ("Importantly, this exception is discretionary,

and is not intended to allow parties to circumvent the rules of evidence."). On the current record, the court declines to allow Exhibit K in under the residual exception.

As requested by the defendants, however, the court will hold an evidentiary hearing to develop the record.

II. APPLICABILITY OF RULES OF EVIDENCE

The government argues the Federal Rules of Evidence should not apply "with full force" in determining the Motion for Video Teleconferencing. Supp. Filing Regarding Ex. K, ECF No. 281 at 2-3. The government cites *United States v. Matlock*, 415 U.S. 164, 172–73 (1974), for the proposition that the rules of evidence do not apply with full force at suppression hearings. By analogy, they argue, the rules should not apply with full force here. Supp. Filing at 3.

In *Matlock*, the Supreme Court distinguished between the rules applicable to a suppression hearing and a criminal trial on the basis of the different burdens of proof to be met: probable cause and guilt beyond a reasonable doubt, respectively. *Matlock*, 415 U.S. at 173 (citing *Brinegar v. United States*, 338 U.S. 160, 174 (1949)). The need to shield the jury from excessively prejudicial or unreliable evidence drives the application of the rules of evidence at trial where no such concern arises in the determination of probable cause by a judge. *Brinegar*, 338 U.S. at 173 ("Much evidence of real and substantial probative value goes out on considerations irrelevant to its probative weight but relevant to possible misunderstanding or misuse by the jury.").

Although the government reasons from *Matlock* with some force, the court has previously decided it will apply the rules of evidence here. *See* Order, ECF No. 273 at 2-3. The government's arguments regarding a lesser application of the rules of evidence may hold sway in other cases with lower stakes. Here, five of the defendants are charged with crimes that may be punishable by death, warranting a higher degree of care in developing the record, even with respect to motions unrelated to the merits of the case. *See, e.g., Lockett v. Ohio*, 438 U.S. 586, 601 (1978) (holding that Eighth Amendment requires higher degree of reliability in capital cases).
/////

III. <u>CONCLUSION</u>

      For the foregoing reasons, the court ORDERS the parties to file proposed witness lists for an evidentiary hearing on the admissibility of Exhibit K within fourteen (14) days of this order. The witness lists shall contain the names of proposed witnesses, a time estimate for their testimony, and the purpose of their testimony. The court will discuss scheduling the evidentiary hearing at the next status set in this case for January 8, 2020.

      IT IS SO ORDERED

DATED: December 3, 2019.

_____
UNITED STATES DISTRICT JUDGE