UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-00107-KJM |
| Plaintiff, | |
| v. | ORDER |
| RONALD YANDELL, et al., | |
| Defendants. | |

       On January 14, 2020, the court held a status conference in which defendant Ronald Yandell moved orally to proceed in pro per. The court discussed the motion with Yandell, his appointed counsel Peter Kmeto, and his learned counsel Nathan Chambers. The court conducted a *Faretta* colloquy[1] and continued the motion to proceed in pro per for further hearing with Yandell and his attorneys' consent.

       On February 10, 2020, the court held a second hearing on Yandell's request to proceed in pro per and conducted a supplemental *Faretta* colloquy. At the hearing, Yandell and his attorney Peter Kmeto agreed to submit a set of "ground rules" for standby representation, in which Yandell would represent himself while using the resources and staff assembled by Kmeto, including his investigators and mitigation specialists. The court ordered the defense to submit

---

[1] This is the colloquy designed to discern whether the moving defendant is voluntarily and intelligently electing to represent himself. *Faretta v. California*, 422 U.S. 806 (1975).

1

stipulated ground rules for the division of authority and work between Yandell and Kmeto within seven days, with the government's response due seven days thereafter.  Minute Order, ECF No. 372.  Yandell filed the stipulated ground rules.  Stip., ECF No. 375.  The government did not respond.

Yandell and Kmeto characterize their proposed arrangement as providing for standby counsel.[2]  The role of "standby counsel" is to assist the pro se defendant in navigating the mechanics of trial proceedings by "overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete[.]" *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).  Standby counsel may be given authority to take over a pro se defendant's defense if, for some reason, the defendant becomes unable to continue.  *Locks v. Sumner*, 703 F.2d 403, 408 n.3 (9th Cir. 1983) (citing *Mayberry v. Pennsylvania*, 400 U.S. 455, 467-68 (1971) (Burger, C.J., concurring)).  Standby counsel's participation over the defendant's objection is impermissible if it "effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak *instead* of the defendant on any matter of importance[.]"  *Id.* at 178 (emphasis in original).

The proposed arrangement whereby Mr. Yandell represents himself with the full support of Mr. Kmeto's team is not constitutionally mandated under *Faretta* and its progeny and

---

[2] The cases concerning pro se defendants with attorneys in "advisory" or "standby" roles are somewhat inconsistent in their use of these labels, and it is not always clear how the terms are distinguished.  As this court understands it, "[a]dvisory counsel" describes a situation in which a pro se defendant is given technical assistance by an attorney in the courtroom, but the attorney does not actually participate in the conduct of a trial.  *Locks v. Sumner*, 703 F.2d at 407.  However, the court in *Locks* also described such an arrangement as "hybrid representation" without helpful clarification.  *Id.*; *see also United States v. Turnbull*, 888 F. 2d 636, 638 (9th Cir. 1989).  The Sixth Amendment right to counsel provides the right to either self-representation or to representation by counsel; there is no constitutional right to any intermediate arrangement.  *United States v. Roof*, 225 F. Supp. 3d 394, 397 (D. S. C. 2016) (citing *United States v. Singleton*, 107 F. 3d 1091, 1096 (4th Cir. 1997) (noting "the assertion of one constitutes a de facto waiver of the other.").  Because there is no constitutional right to hybrid counsel, it appears to be within the court's discretion to allow a "hybrid" arrangement.  *United States v. Halbert*, 640 F. 2d 1000, 1009 (9th Cir. 1981) (citations omitted).  Mr. Yandell and Mr. Kmeto do not use the word "hybrid" to describe their proposed arrangement, and so the court does not consider it as such.

may be revoked or modified at any time, as the case demands. The court "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist conduct." *Faretta*, 422 U.S. at 834 n.46.

The following conditions have been agreed upon by Mr. Yandell, Mr. Kmeto and Mr. Chambers and the court now approves their stipulation. These conditions are not exhaustive. The court notes Yandell and his attorneys have not agreed on a division of authority for review of discovery; the court expressly reserves issuing an order on that topic until a later date. The following conditions proposed in the stipulation shall remain in place until the date set for any evidentiary hearing regarding dispositive motions.

The court APPROVES the stipulation as follows and confirms its GRANT of Yandell's request to proceed in pro per on these conditions, retroactively to February 10, 2020:

I. <u>Budget</u>

The budget currently in place for defense team members will continue in effect until current authorizations for the defense team members have been exhausted. Mr. Kmeto will make future budget requests for support team expenditures and stand-by counsel with the advice and consent of Mr. Yandell. These budget requests include mitigation specialists, fact investigators, paralegals, press coverage services, experts, transcription, copying, and other like expenses. Mr. Kmeto has the authority to approve all vouchers submitted by support team members. Mr. Chambers, with the advice and consent of Mr. Yandell, will make future budget requests for learned counsel.

II. <u>Supervision of Support Staff</u>

Mr. Kmeto will supervise support staff.

III. <u>Participation in Joint Co-Defendant Meetings</u>

Mr. Kmeto and Mr. Chambers, with the advice and consent of Mr. Yandell, will participate in joint co-defendant meetings.

IV. <u>Participation in Status Conference Hearings</u>

Mr. Yandell will participate in status conference hearings in pro per with Mr. Kmeto and/or Mr. Chambers available for consultation.

3

V.    Motion Preparation

Mr. Kmeto and Mr. Chambers will prepare motions with the advice and consent of Mr. Yandell.

VI.   Filing Motions

Filing motions will remain a function of Mr. Kmeto and/or learned counsel Mr. Chambers.

VII.  Filing of Joinders

Joinder filings will remain a function of Mr. Kmeto and/or learned counsel Mr. Chambers with the advice and consent of Mr. Yandell.

VIII. Subpoenas

Application for subpoenas will remain a function of Mr. Kmeto and/or learned counsel Mr. Chambers with the advice and consent of Mr. Yandell.

IX.   Evidentiary Hearings

Unless defendant Mr. Yandell wishes to revisit his request to proceed in pro per, he will act as his own attorney in evidentiary hearings with stand-by counsel available for consultation.

X.    Direct Communication with the Government

Direct communication with the government, including but not limited to preparation of any submission contemplated by United States Attorney Manual § 9–10.000 *et seq.* shall remain a function of Mr. Kmeto and/or learned counsel Mr. Chambers with the advice and consent of Mr. Yandell.

IT IS SO ORDERED.

DATED: July 6, 2020
   *nunc pro tunc*
   to February 10, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

4