UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:19-cr-00107-KJM |
| Plaintiff, | ORDER |
| v. | |
| Ronald Yandell, et al., | |
| Defendants. | |

On November 8, 2021, defendant Jason Corbett moved "for an order holding the government in contempt on this court's July 8, 2020 ruling," ECF No. 920, referring to the following portion of this court's previous order:

> 1. In-person visits with attorneys must be conducted in a way that the content of conversations is not audible outside the visitation booth.
>
> 2. Defendants' calls to attorneys must not be recorded.
>
> 3. Defendants must be allowed to make phone calls to their attorneys in a way that prevents third parties from overhearing them.
>
> 4. Legal mail may be opened and inspected in front of the defendants, but must not be read for content . . . . If legal papers must be

1

|   |   |
|---|---|
| 1 | inspected for contraband, the inspection must happen in the presence |
| 2 | of the defendant to allow verification that the papers are not being |
| 3 | read for content. |

Order, ECF No. 510.  Mr. Corbett contends he has not been able to meet confidentially or have confidential phone calls with his counsel, contrary to items 1 and 3 in the list above.  Defendants Patrick Brady and Ronald Yandell joined the motion.  *See* Joinders, ECF Nos. 934, 955.  The court received full briefing, *see* Opp'n, ECF No. 929; Reply, ECF No. 950, and held a hearing by videoconference on December 8, 2021, *see* Hr'g Mins., ECF No. 9l54.

At hearing, the court informed the parties of its tentative decision to refer the matter to a Magistrate Judge for an evidentiary hearing on the factual questions underlying Mr. Corbett's motion, such as whether others can overhear conversations in attorney meetings or phone calls. The parties did not object to such a referral, but the government raised concerns about the relief requested in Mr. Corbett's motion and various procedural and evidentiary implications of that requested relief.  It requested that the court deny the motion without prejudice to renewal.  The court permitted Mr. Corbett to file a written response within seven days.  Mr. Corbett has now filed his response and agrees that his motion may be denied without prejudice to renewal if the matter is submitted to a Magistrate Judge as the court tentatively concluded.  *See* Request, ECF No. 958.  No party has objected to this request.

Having considered the parties' filings and comments at hearing, the court now orders as follows:

(1) The motion at ECF No. 920 is **denied without prejudice to renewal**.

(2) This matter is **referred in part** to the duty Magistrate Judge to conduct an evidentiary hearing **by January 28, 2022**.  The scope of the evidentiary hearing will be to determine whether Mr. Corbett and any defendant who gives notice as specified in item (2) below (a) cannot meet in person with their attorneys in a way that the content of conversations are not audible outside the visitation booth, (b) cannot make phone calls to their attorneys in a way that prevents third parties from overhearing them, or both (a) and (b).

2

    (3)    **Within seven days**, any defendant who wishes to present evidence at the evidentiary hearing may give notice of an intent to do so.

    (4)    Mr. Corbett may renew the motion at ECF No. 920 **at any time after the evidentiary and before February 18, 2022**.  Any defendant may join in that motion, regardless of whether that defendant gave notice as permitted in item (2) above.  Briefing deadlines and a hearing on any such renewed motion will be set according to this District's Local Rules and this court's standing orders.

IT IS SO ORDERED.

DATED:  December 21, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE