UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-CR-00107-KJM |
| Plaintiff, | ORDER SETTING EVIDENTIARY HEARING AND RELATED DEADLINES |
| v. | |
| RONALD YANDELL, et al., | |
| Defendants. | |

On December 22, 2021, the court referred this case to the undersigned duty Magistrate Judge to conduct an evidentiary hearing on two discrete factual issues: whether the defendants held in the "Eight West"[1] housing unit of the Sacramento County Jail (a) "cannot meet in person with their attorneys in a way that the content of conversations are not audible outside the visitations booth," and (b) "cannot make phone calls to their attorneys in a way that prevents third parties from overhearing them, or both (a) and (b)." ECF No. 963 at 2. Six of the sixteen defendants charged in this case—Ronald Yandell, Daniel Troxell, William Sylvester, Pat Brady, Jason Corbett, and Justin Petty (the "Sacramento Jail defendants")—are currently housed in Eight West. On January 11, 2022, the court granted defendant Brant Daniel, who is housed at California State Prison-Sacramento ("CSP-Sacramento"), permission to present evidence at an

---

[1] This housing unit is located on the west side of the 8th floor of the Sacramento County Jail. ECF No. 215-1 ¶ 7.

1

evidentiary hearing "in support of his allegation that he cannot communicate confidentially with his attorneys by phone." ECF No. 993 at 3.

The issues concerning confidential commutations at CSP-Sacramento are factually distinct from those at the Sacramento County Jail. To promote efficiency, I will hold a separate evidentiary hearing for each facility. An evidentiary hearing on the two issues related to the Sacramento County Jail is hereby set for February 16, 2022 at 9:00 a.m. in Courtroom No. 1. If the hearing cannot be completed on that date, it will resume on February 23, 2022, at 9:00 a.m. in Courtroom No. 1. An evidentiary hearing on defendant Daniel's allegations is set for February 24, 2022 at 9:00 a.m. in Courtroom No. 1.

Counsel for all parties are permitted to appear in person at both hearings; however, only the defendants who were allegedly unable to confidentially communicate with counsel, as described in the court's December 22, 2021 and January 12, 2022 orders, may personally attend. *See* ECF Nos. 963 & 993. More specifically, defendants Yandell, Troxell, Sylvester, Brady, Corbett, and Petty may personally attend the February 16 (and, if necessary, February 23) hearing, and defendant Daniel may personally attend the February 24 hearing. All other appearances must be made through counsel.[2]

---

[2] I am aware that some other defendants have previously expressed a desire to personally attend all, or at least most, court proceedings. Under present circumstances, however, I find it appropriate to limit attendance to counsel and to those defendants with a direct interest in the matter at issue. Defendants do not have a constitutional or statutory right to attend the hearings. Rule 43 of the Federal Rules of Criminal Procedure, which is broader in scope than the constitutional right to be present, provides that a defendant charged with a felony has a right to attend his initial appearance, arraignment, plea, every stage of trial, and sentencing. *See* Fed. R. Civ. P. 43(a). The Rule does not include pretrial evidentiary hearings among the proceedings requiring defendants' attendance, and the Court of Appeals has not extended the right to be present to pretrial proceedings beyond those identified by Rule 43(a). *See United States v. Nelson*, Case No. 17-cv-00533-EMC-1, 2020 WL 3791588, at *4 (N.D. Cal July 7, 2020) (finding that "persuasive Circuit authority exist . . . that expressly reject Rule 43's application to pretrial hearings beyond those enumerated in the Rule"). The scope of the hearings is limited to issues concerning only defendant Daniel and the Sacramento Jail defendants. The remaining defendants, who are not housed in Eight West and have not advanced similar complaints regarding confidential communications, will not be needed at the hearings. *See United States v. Reyes*, 764 F.3d 1184, 1191 (observing that Rule 43 does not mandate a defendant's presence where "his presence would have contributed nothing substantial to his opportunity to defend . . ."); *United States v. Gonzales-Flores*, 701 F.3d at 118 ("[T]he whole point of the right to be present (in both its constitutional and statutory dimensions) is *to* permit the defendant to

The government and defendants Corbett, Brady, and Troxell may present evidence at the February 16 hearing[3]; only the government and Daniel may present evidence at the February 24 hearing. The parties shall file and serve proposed findings of fact and their respective exhibit and witness lists (which should include the name and title of each witness) by no later than February 2, 2022. However, if any party intends to call a non-defendant witness who is currently incarcerated, the party shall file a notice stating their intent to do so by no later than January 20, 2022. The notice shall include the witness's name, CDCR number (or other identifying information), and the name and address of the facility at which the witness is confined. The parties' proposed findings of fact shall not exceed five pages in length and shall include citations to the exhibit(s) and/or witness(es) expected to establish each fact.[4]

The parties shall also, by no later than February 2, provide opposing counsel and the court with copies of their exhibits. The Sacramento Jail defendants' exhibits shall be provided in a joint submission, which shall include all exhibits for each participating defendant. Defendants' exhibits shall be identified numerically, and the government's exhibits shall be identified alphabetically.[5]

---

contribute in some meaningful way to the fair and accurate resolution of the proceedings against him."). Considering the recent increase in Covid cases brought about by the Omicron variant and the logistical hurdles in transporting several defendants, it is appropriate to limit personal appearances to defendant Daniel and the Sacramento Jail defendants.

[3] The court's December 22, 2021 order instructed any defendant wishing to present evidence at the evidentiary hearing to give notice, within seven days, of an intent to do so. ECF No. 963 at 3. Only defendants Corbett, Brady, and Troxell filed a notice of intent to present evidence. ECF Nos. 964, 965, 968.

[4] The government shall file a separate exhibit list, witness list, and proposed findings of fact for each evidentiary hearing. The Sacramento Jail defendants shall file joint exhibit and witness lists for the February 16 hearing. They are also encouraged to jointly file their proposed findings of fact. However, if they are unable to facilitate a joint submission, each participating defendant may separately submit proposed findings of fact.

[5] The court will require three copies of the parties' exhibits.

Accordingly, it is hereby ORDERED that:

1. In accordance with the court's December 22, 2021 order, an evidentiary hearing is set before Magistrate Judge Jeremy D. Peterson on February 16, 2022 at 9:00 a.m. in Courtroom No. 1.

2. In accordance with the court's January 12, 2022 order, an evidentiary hearing is set before Magistrate Judge Jeremy D. Peterson on February 24, 2022 at 9:00 a.m. in Courtroom No. 1.

3. By no later than January 20, 2022, any party wishing to call a non-defendant witness shall file a notice of intent to do so.

4. By no later than February 2, 2022, the parties shall file and serve their proposed findings of fact and respective exhibit and witness lists, as detailed herein.

5. The parties shall provide opposing counsel and the court with copies of their exhibits on or before February 2, 2022.

IT IS SO ORDERED.

Dated:    January 14, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE