1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     United States of America,                    No. 2:19-cr-00107-KJM

12                          Plaintiff,               ORDER

13            v.

14     Ronald Yandell, et al.,

15                          Defendants.

16

17

18            Defendant Brant Daniel is detained in California State Prison Sacramento pending trial.

19     The court previously granted in part his motion to compel the production of certain documents

20     related, among other things, to his claims that he has been subjected to prison discipline on false

21     charges. *See generally* Prev. Order, ECF No. 824.  He has now made a number of document

22     requests, and the California Department of Corrections and Rehabilitation (CDCR) has withheld

23     some responsive documents under assertions of privilege. *See generally* Resp. to Discovery

24     Request, Mot. Compel Ex. A, ECF No. 960-1.

25            One document, an internal investigation report, it withheld under the official information

26     privilege. *See* Priv. Log No. 1, Mot. Compel Ex. A, ECF No. 960-1.  It redacted portions of two

27     email exchanges to withhold information about an irrelevant investigation and to conceal the

28     /////

                                                   1

1    identity of an informant.  *See id.* Nos. 2–3.  It withheld two other email chains based on an

2    assertion of the attorney–client privilege and the work product doctrine.  *See id.* Nos. 4–5.

3         Daniel moves to compel the production of the internal report and asks the court to review

4    the unredacted contents of the other four documents *in camera* to decide whether they should be

5    produced under the terms of a protective order.  *See generally* Mot. Compel, ECF No. 960.

6    CDCR opposes the request, but addresses only the first document withheld and only the official

7    information privilege.  *See generally* Opp'n, ECF No. 962.  Mr. Daniel has replied, and the court

8    heard arguments on January 5, 2022.  *See* Mins. (Jan. 5, 2022); Reply, ECF No. 975.  The CDCR

9    and the United States agree this court may adjudicate that motion in this action.  *See* Mins. (Jan.

10   5, 2022).  The court took the matter under submission and ordered the CDCR to produce the

11   disputed documents for the court to review *in camera*.  The court also directed Mr. Daniel's

12   counsel and the CDCR to meet and confer in an attempt to reach an agreement about a protective

13   order under which the disputed documents could be produced if the court granted Mr. Daniel's

14   motion.

15        The CDCR has now produced the materials for *in camera* review, and the court has

16   reviewed the materials *in camera*.  Mr. Daniel's counsel has also met and conferred with counsel

17   for the CDCR, and they filed a proposed joint protective order, which this court adopted.  *See*

18   *generally* Joint Protective Order, ECF No. 998.  Having reviewed the disputed documents, the

19   court grants the motion for the reasons below.

20        **Privilege Log No. 1:**  The CDCR asserts only one privilege in opposition to Daniel's

21   motion to produce the disputed report: the official information privilege.  *See* Opp'n at 2–3.  It did

22   not advance any other privilege at hearing.  The official information privilege is a "qualified

23   privilege" and is "contingent upon the competing interests of the requesting litigant and subject to

24   disclosure especially where protective measures are taken."  *Kerr v. U.S. Dist. Ct. for N. Dist. of*

25   *California*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976).  To determine whether

26   the information is protected by this privilege, this court "must weigh the potential benefits of

27   disclosure against the potential disadvantages."  *Sanchez v. City of Santa Ana*, 936 F.2d 1027,

28   /////

1   1033–34 (9th Cir. 1990).  If the disadvantages of production outweigh the advantages, the

2   "privilege bars discovery."  *Id.* at 1034.

3          The CDCR argues the disclosure of the disputed report would "threaten institutional

4   security and discourage correctional officers from providing information pertaining to the

5   misconduct of other officers."  Opp'n at 2.  Daniel argues disclosure of the disputed report is

6   necessary to further his efforts to dissuade the United States from seeking the death penalty in any

7   superseding indictment.  *See, e.g.*, Mot. at 9–10.  For example, he might use the disputed report to

8   support a claim that certain prison disciplinary charges against him are false or unfounded, which

9   he has advanced in the past.  *See* Prev. Order at 2–4.  He emphasizes that he cannot obtain the

10  report from any other source.  *See* Mot. at 10.

11          The court is satisfied that the report is relevant to Daniel's defense and likely cannot be

12  obtained from any other source.  The court is also satisfied that any threats to prison security that

13  might arise will be minimized by the terms of the parties' joint proposed protective order.  The

14  same is true of the risk that disclosure may discourage officers from reporting misconduct.

15          **Privilege Log Nos. 2 and 3:**  The court has reviewed the unredacted copies of the

16  disputed emails and finds that the negative effects of disclosing the redacted information will be

17  minimized by disclosure under the terms of the joint protective order.  *See, e.g.*, *Roviaro v. United*

18  *States*, 353 U.S. 53, 59–62 (1957) (describing the informant's or informer's privilege and the

19  factors a court must consider).

20          **Privilege Log Nos. 4 and 5:**  The court concludes the CDCR has not preserved its

21  objections to the disclosure of these documents under the terms of the proposed protective order.

22  It omitted any arguments related to these privileges from its opposition brief and made no

23  arguments against their disclosure at hearing.

24          The motion to compel (ECF No. 960) is **granted**, subject to the terms of the parties'

25  stipulated protective order.

26          IT IS SO ORDERED.

27  DATED:  February 8, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3