UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD YANDELL, et al.,<br><br>    Defendants. | No. 2:19-CR-00107-KJM<br><br>ORDER GRANTING IN PART UNITED STATES' MOTION TO EXCLUDE EXPERT TESTIMONY AND STRIKE DECLARATION<br><br>ECF No. 1080 |

    This case was referred to the undersigned for an evidentiary hearing on two discrete factual issues: whether the six defendants housed at the Sacramento County Jail (a) "cannot meet in person with their attorneys in a way that the content of conversations are not audible outside the visitations booth," and (b) "cannot make phone calls to their attorneys in a way that prevents third parties from overhearing them, or both (a) and (b)." ECF No. 963 at 2. Defendant Jason Corbett previously filed a notice of his intention to call Mary Pisula-Stewart as an expert witness at the evidentiary hearing. ECF No. 1031. That notice indicated that Ms. Stewart would provide opinions on correctional facilities' abilities to allow inmates to communicate confidentially with counsel.

    At a pre-hearing conference held on February 15, 2022, the undersigned expressed skepticism about the relevance of Ms. Stewart's opinions. To assist the court in evaluating the opinions, defendant Corbett filed Ms. Stewart's sworn declaration, which, according to Corbett's

counsel, "lays out the entirety of her intended direct testimony." ECF No. 1083; ECF No. 1071. The government now moves to exclude Ms. Stewart from testifying and to strike her declaration. ECF No. 1080.

Ms. Stewart's opinions are not relevant to the questions before the undersigned. According to her declaration, Ms. Stewart would testify about other correctional facilitates and their abilities to accommodate confidential attorney-client communications. Such testimony does not bear on whether the six defendants housed at the Sacramento County Jail can communicate confidentially with counsel. The court also disagrees with Corbett's contention that Ms. Stewart's testimony is needed "to reflect that the Sixth Amendment right at issue in this hearing is not an abstract right that only exists in theory and that is rarely complied with by our federal correctional institutions and their contractors." ECF No. 1083 at 2. The court is aware of the significance of the right at issue. Ms. Stewart's testimony will be excluded.

But there is no need to strike Ms. Stewart's declaration. Although the declaration was filed, it has not been offered as evidence and will not be considered by the undersigned in making factual findings.

IT IS SO ORDERED.

Dated:    February 22, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2