1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No.  2:19-CR-00107-KJM

12                    Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                                   THAT THE DECEMBER 22, 2021,
13           v.                                    REFERRAL TO THE DUTY MAGISTRATE
                                                   JUDGE BE WITHDRAWN
14    RONALD YANDELL, et al.,
                                                   ECF No. 963
15                    Defendants.

16

17          On December 22, 2021, the court referred this case to the undersigned duty Magistrate

18   Judge to conduct an evidentiary hearing on two discrete factual issues: whether the six defendants

19   held at the Sacramento County Jail (the "Sacramento Jail defendants") (1) "cannot meet in person

20   with their attorneys in a way that the content of conversations are not audible outside the

21   visitations booth," and (2) "cannot make phone calls to their attorneys in a way that prevents third

22   parties from overhearing them, or both (a) and (b)."[1]  ECF No. 963 at 2-3.  The following month,

23   the court granted defendant Brant Daniel—who is housed at a different location, the California

24   State Prison-Sacramento ("CSP-Sacramento")—permission to present evidence at an evidentiary

25   hearing "in support of his allegations that he cannot communicate confidentially with his

26   attorneys by phone."  ECF No. 993 at 3.

27
     _____
28          [1] At the time of the referral, defendants Ronald Yandell, Daniel Troxell, William
     Sylvester, Pat Brady, Jason Corbett, and Justin Petty were housed at the Sacramento County Jail.

                                                   1

On February 16, 2022, I held an evidentiary hearing on the two issues related to the six defendants housed at the Sacramento Jail. I deferred issuing findings of fact so that findings of fact for both housing locations could be issued concurrently. A hearing on Mr. Daniel's allegations was originally set for February 24, 2022. ECF No. 995. That hearing was subsequently continued twice and then was vacated to allow for a site inspection of CSP-Sacramento prior to conducting the hearing. ECF Nos. 1111 & 1144. The hearing has not yet occurred.

Last week, the U.S. Marshal notified the court that the six Sacramento Jail defendants have been transferred out of the Sacramento Jail. Consequently, the two factual issues considered at the February 16, 2022, hearing are now moot.[2]

Accordingly, it is hereby RECOMMENDED that the court withdraw the December 22, 2021, referral of this case to the undersigned to conduct an evidentiary hearing. *See* ECF No. 963.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     April 6, 2022

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[2] There remains a live dispute concerning defendant Daniel's allegations that he cannot confidentially communicate with counsel by phone. Accordingly, I do not request that the January 12, 2022, referral to the Magistrate Judge, ECF No. 993, be withdrawn.

2