Rene L. Valladares
Federal Public Defender
Brad D. Levenson
Assistant Federal Public Defender
California State Bar No. 166073
Email: brad_levenson@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-6261 (Fax)

Kathleen Correll
Correll & Associates
Oregon State Bar No. 871989
Email: kmc@kmcorrellattny.com
333 SW Taylor St., Ste. 301
Portland, OR 97204
(503) 539-4716
(503) 662-1117 (Fax)

Peter L. Arian
California State Bar No 238029
Email: peterarianlaw@gmail.com
P.O. Box 308
Kentfield, CA 94914
(415) 785-4060
(415) 329-1408 (Fax)

Attorneys for Ronald Yandell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL,<br><br>Defendant. | Case No. 2:19-CR-00107-KJM<br><br>**DEFENDANT RONALD YANDELL'S MOTION FOR INSPECTION AND COPYING OF GRAND JURY RECORDS (CAPITAL CASE)**<br><br>Date: August 3, 2022<br>Time: 9:00 am.<br>Chief Judge: Kimberly J. Mueller, United States District Court |

Ronald Yandell, through counsel, moves the Court for an order to inspect and copy grand jury records as set forth below under the Fifth and Sixth Amendments to the U.S. Constitution, the Jury Selection and Service Act, 28 U.S.C. § 1861, *et. seq.*, and the public right of access to court records.[1] Pursuant to the Court's Jury Plan, Sections 6.02 and 6.04, this motion is made before the Chief Judge, who is also the judge presiding over this case.

### Requested Grand Jury Records

1. **Jury Plan.** The Jury Plan for the Eastern District of California (Jury Plan) in effect at the time when the grand jurors who returned the Indictment on June 16, 2019, were summoned in this case. The jury plan in effect at the time of the indictment was General Order No. 568, Juror Management Plan, adopted January 25, 2016 (*see also* General Order No. 569).[2]

2. **Jury Division(s).** The jury division(s) chosen for the grand jury that returned the Indictment in this case. Jury Plan, Section 4.06.

3. **Reasons for the Choice of Jury Divisions.** Any documents that describe the reasons for the choice of the jury division(s) for the grand jury that returned the Indictment in this case. Jury Plan, Section 4.06.

4. **Administrative Forms.** Any AO-12 form or JS-12 form created that relates to the Master Jury Wheel and Qualified Jury Wheel used to summon the grand jurors who returned the Indictment in this case on June 16, 2019, as required by 28 U.S.C. § 1863(a).

5. **Data.** Any other statistical or demographic analyses produced to ensure that the Master Jury Wheel and Qualified Jury Wheel used to summon the grand jurors in this

---

[1] This motion seeks information from the Clerk of the Court, not information in the hands of the United States Attorney's Office. Therefore, Mr. Yandell did not informally request this information from the United States Attorney's Office before filing this motion.

[2] The current Jury Plan is General Order No. 642, Juror Management Plan, as adopted February 3, 2022 (*see also* General Order No. 646). It is largely similar to the one in effect in 2019.

case complied with the Jury Plan, Jury Selection and Service Act, and constitutional requirements. Jury Plan, Section 1.04

6. **Qualified Jury Wheel Refill Date.** The date when the Qualified Jury Wheel used to summon grand jurors in this case was last refilled, as described in Section 1.09 of the Jury Plan.

7. **Master Jury Wheel Refill Date.** The date on which the Master Jury Wheel that was used to summon the grand jurors in this case was refilled as described in Section 2.04 of the Jury Plan.

8. **Purge Procedures.** A description of the procedures used to purge duplicate records and any report or analysis of the procedures, as described in Jury Plan Section 2.02.

9. **Calculation Procedures.** The "specific and detailed procedures" followed, as set forth in Section 2.02 and 2.03 of the Jury Plan, and the record of calculations as described in Section 4.06 of the Jury Plan.

10. **General Notice.** Any general notice explaining the process by which names were randomly and periodically drawn from the wheel. Jury Plan, Sections 3.01 and 4.01.

11. **Procedures for Non-Responses.** The procedures implemented to address prospective grand jurors who do not respond to a juror qualification form or had their juror qualification form returned by the postal service as undeliverable.

12. **Information on Failure to Submit.** The number of persons who failed to return a juror qualification form either electronically or on paper as described in Sections 3.02 and 3.03 of the Jury Plan.

13. **Failure-to-Appear or Submit.** The juror numbers (not name or address) of persons summoned for either failure to submit a juror qualification questionnaire or for failure to appear, as described in Section 3.03 of the Jury Plan.

14. **Proportionality Calculations.** The calculation of the number of potential jurors from each jury division to ensure compliance with the numbers listed in Sections 2.02, 2.03, and 4.06 of the Jury Plan.

3

15. **Source Data.** The source data in electronic form for the Master Jury Wheel used to summon the grand jurors who returned the Indictment in this case, as described in Sections 2.01 and 2.02 of the Jury Plan. The data should include, as available: Race, Gender, Ethnicity, Age, Year of Birth, Zip Code, County, and Jury Division. The data shall not include any personal information that could be used to identify any individuals, such as name or street address.

16. **Summons Date.** The date when grand jurors were summoned in this case.

17. **Numbers Summoned.** The number of persons summoned from the qualified jury wheel to be considered as grand jurors in this case.

18. **Juror Form.** The blank juror qualification and summons forms for the persons summoned to potentially be grand jurors.

19. **Juror Disposition.** The disposition of each summoned potential grand juror as to excusal, deferment, disqualification, or selection, as described in Section 3.04 and 4.06 of the Jury Plan.

20. **Grand Juror Numbers.** The Juror Number for each grand juror who returned the Indictment in this case.

21. **Status Codes.** Status codes for potential jurors selected from the Master Jury Wheel for qualification who either had their qualification form returned by the postal service, did not respond, or were disqualified or exempted from jury service as described in the Jury Plan. The data should be in electronic and accessible form and include the following: juror number, whether the form was returned undeliverable, whether the form was not returned, reason for disqualification, race, gender, Hispanic ethnicity, birth year, zip code, city, county, and jury division.

## MEMORANDUM OF POINTS AND AUTHORITIES

On June 16, 2019, a grand jury returned an Indictment charging defendant Ronald Yandell (and others) with Conspiracy to Engage in a Racketeer Influenced Corrupt Organization in violation of 18 U.S.C. §1962(d) (count 1). The indictment also charged Mr. Yandell with

4

conspiracy to distribute and possess with intent to distribute heroin and methamphetamine in violation of 18 U.S.C §§ 846, 841(a)(1) (counts 2 and 10), distribution of heroin in violation of 18 U.S.C. § 841(a)(1) (counts 3, 4, 7, and 12), conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5) (counts 5, 8, 9, 11, and 13), and distribution of methamphetamine in violation of 18 U.S.C. § 841(a)(1) (count 6). Counts 5, 8, 9, 11, and 13 carry a maximum penalty of death.

Mr. Yandell moves for an order permitting the defense to inspect and copy records regarding the selection and composition of the grand jury that returned the Indictment in this case, including materials related to the Master Grand Jury Wheels and jury list from which the grand jurors were selected. Mr. Yandell seeks these records in connection with an anticipated motion challenging the selection methods under the Jury Selection and Services Act, 28 U.S.C. § 1867(a), and the Fifth and Sixth Amendments.

The Sixth Amendment affords every criminal defendant the "constitutional right to a jury drawn from a fair cross section of the community" in which the defendant is tried." *Duren v. Missouri,* 439 U.S. 357, 368 (1979). The Jury Selection and Service Act extends this constitutional requirement to the pool from which federal grand jurors are selected. *See* 28 U.S.C. § 1861 ("[A]ll litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes."); *see also* Jury Plan, Section 1.04. Under the Act, a "defendant may move to dismiss the indictment or stay the proceedings against him on the ground of a substantial failure to comply with the provisions of [the Act] in selecting the grand or petit jury." 28 U.S.C. § 1867(a).

Section 1867(f) permits a defendant to "inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of" a motion to dismiss under § 1867(a). "[A] litigant has essentially an *unqualified* right to inspect jury lists." *Test v. United States,* 420 U.S. 28, 30 (1975) (emphasis in original). The unqualified right to inspection extends to not only matters covered by § 1867, but also applies to matters within the statute's overall

5

purpose. *United States v. Alden,* 776 F.2d 771, 773 (8th Cir. 1985); *see also In re Special Grand Jury (for Anchorage, Alaska*), 674 F.2d 778, 780-81 & 779 n.1 (9th Cir. 1984) (holding that the public has a right of access to ministerial grand jury records, those that "generally relate to the procedural aspects of the impaneling and operation of the . . . Grand Jury, as opposed to records which relate to the substance of the . . . Grand Jury's investigation").

"[I]ndeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious challenge." *Test,* 420 U.S. at 30. To obtain access to the jury records, "a litigant needs only allege that he is preparing a motion challenging jury selection procedures." *United States v. Layton,* 519 F. Supp. 946, 958 (N.D. Cal. 1981). If inspection reveals grounds upon which to challenge the jury selection, a defendant may file a motion to dismiss the Indictment under § 1867(a). *United States v. Beaty,* 465 F.2d 1376, 1381 (9th Cir. 1972). The Court should grant the motion if it determines that the jury selection procedure violated the Act. *Id.* at 1382.

Here, there are serious concerns as to whether the grand jury that returned the Indictment in this case was representative of the community in the district and division wherein this Court convenes. The defense intends to review the records and, depending on their contents, to retain the services of an expert to analyze whether the procedures in selecting the grand jury violated Mr. Yandell's right to a jury selected at random from a fair cross section of the community. Such an analysis compares the grand-jury records to appropriate census data to determine whether grounds for a challenge exist. Although we have legitimate reasons to be concerned about the representativeness of the grand jury, we cannot ascertain whether we have substantial grounds to file such a motion without access to the grand jury materials requested in this motion. District courts have granted similar request for grand jury records, in whole or in part, in: *United States v. Schlesinger*, No. 18-CR-02719-PCC-BGM (D. AZ. March 9, 2022) (*see* Ex. A); *United States v. Ramirez-Ortiz,* No. 20-CR-2667-GPC, 2021 WL 1662441 (S.D. Cal. Apr. 28, 2021) (*see* Ex. B); *United States v. Eldarir,* No. 20-CR-0243-LDH, 2020 WL 6545894 (E.D. N.Y. Nov. 20, 2020) (*see* Ex. C); *United States v. Holmes,* No. 5:18-CR-0258-EJD, 2020 WL 5408163 (N.D. Cal.

Sept. 9, 2020) (*see* Ex. D); and *United States v. Cloud,* No. 1:19-CR-2032-SMJ, 2020 WL 4381608 (E.D. Wash. July 27, 2020) (*see* Ex. E).

## CONCLUSION

For these reasons, the Court should grant defendant Ronald Yandell's motion to inspect and copy grand jury records.

Dated this 1st day of July, 2022.

          Respectfully submitted,

          Rene L. Valladares
          Federal Public Defender

          */s/ Brad D. Levenson*
          BRAD D. LEVENSON
          Assistant Federal Public Defender

          Correll & Associates

          */s/ Kathleen Correll*
          KATHLEEN CORRELL

          Law Office of Peter Arian

          */s/ Peter L. Arian*
          PETER L. ARIAN