# EXHIBIT "I"

EXHIBIT "I"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   : | |
| : | |
| Plaintiff,   : | |
| : | CRIMINAL ACTION NO. |
| v.   : | 1:13-cr-0206-AT |
| : | |
| TYRONE BROOKS, SR.,   : | |
| : | |
| Defendant.   : | |

# **ORDER**

The above-styled matter is presently before the Court on the Defendant's Second Motion for Grand Jury Information. [Doc. 99.] The Government does not oppose the motion.

Upon consideration of Defendant's unopposed motion for disclosure and the provisions of 28 U.S.C. § 1867(f),[1] the Court **GRANTS** Defendant access to the records and papers specified under § 1867(f). That section provides:

> (f) The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan *or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section*, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. *The parties in a case shall be allowed to inspect, reproduce, and copy such*

---

[1] Section 1867(f) has been construed to give a defendant "essentially an unqualified right to inspect jury lists." Test v. United States, 420 U.S. 28, 30, 95 S. Ct. 749, 750 (1975) (footnote omitted).

> *records or papers at all reasonable times during the preparation and pendency of such a motion . . . .*

For the reasons discussed below, certain conditions shall apply to the Defendant's review and disclosure of the jury selection records. First, the jury selection records that may be made available to Defendant contain personal identifying information, including Social Security numbers, certain limitations should be placed on their use and disclosure. Personal identifying information should not be copied or disclosed, unless redacted, and the materials should only be used in connection with Defendant's motion to dismiss. Defendant will be entitled to review only those documents and records necessary to the preparation of a motion under 28 U.S.C. § 1867, which should include those records, materials, and information set forth in Defendant's motion for access. [Doc. 99].

Section 1867(f) does not authorize a defendant the right "to rummage at will through all jury-related records maintained by the Clerk of Court." United States v. Rice, 489 F. Supp. 2d 1312, 1316 (S.D. Ala. 2007) (denying access to, inter alia, entire original source list, raw data, and juror qualification questionnaires for all members of the qualified wheel). The Court may establish reasonable procedures governing the time, place, and manner of inspection of the requested documents. See United States v. Royal, 100 F.3d 1019, 1025 (1st Cir. 1996).

The following procedures will apply in this case. Counsel for Defendant shall contact Chief Deputy Clerk of Court Douglas Mincher to schedule an

appointment to review the records and papers required to be made available within seven (7) days of this order.[2] Counsel's or defendant's designated statistician review of the records shall take place in a space within the Clerk of Court's office designated by the Chief Deputy Clerk. Counsel (or defendant's designated statistician) will be granted access to a computer to review relevant electronic records and provided a reasonable opportunity to review all records he is entitled to review under the statute, as requested in Defendant's motion.

As noted above, some of the records requested to be reviewed by Defendant include personal identifying information such as addresses, telephone numbers, and social security numbers, and these records are too voluminous to be redacted. To protect this personal identifying information from disclosure, only Defendant's counsel, designated statistician or expert, investigator, and paralegals may review records that include such information, but the personal identifying information contained in these records shall remain confidential and shall not be copied in any manner or disclosed to anyone, including the Defendant, and information gathered from review of these records may only be used in conjunction with Defendant's fair cross-section challenge in this case and not for any other purpose.

---

[2] The Court recognizes that this is a highly expedited time schedule for review of records in the Clerk's office. Counsel for the Government at today's hearing indicated that he thought that the Clerk's Office could accommodate this schedule. Defendant's record review is occurring on this fast track basis because a superseding indictment was filed on January 28, 2015 and resolution of the jury challenge must occur forthwith. This case is currently set for a 4 week trial on April 13, 2015, although the Court has indicated it is prepared to move the trial to May 4, 2015 in light of these circumstances.

The Clerk of Court may provide Defendant's counsel a copy of the relevant JS-12 and any other record requested in the motion that does not include personal identifying information or from which the personal identifying information has been redacted. If, after reviewing the records in the Clerk of Court's office, Defendant's counsel requests a copy of a record not authorized to be copied by this Order, counsel shall present to the Court a motion with a sworn statement establishing a particularized need for a copy of the requested record.

In summary, Defendant's Second Motion for Grand Jury Information is **GRANTED** [Doc. 99]. Subject to the conditions identified in this Order, the Clerk's Office shall within 7 days make the jury records specified available for review to Defendant's counsel, designated statistician, and associated members of the defense team.

**SO ORDERED** this 10th day of February, 2015.

_____
Amy Totenberg
United States District Judge