# EXHIBIT "J"

EXHIBIT "J"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Criminal No. 1:13-CR-206-AT-ECS |
| V. ) | |
| ) | |
| TYRONE BROOKS, SR. ) | |

**<u>DEFENDANT'S SECOND MOTION FOR ACCESS TO JURY SELECTION RECORDS AND MATERIALS</u>**

NOW COMES DEFENDANT TYRONE BROOKS ("Mr. Brooks"), by and through undersigned counsel, and moves for access to jury selection records and materials, pursuant to 28 U.S.C. § 1867(f). Mr. Brooks was indicted by a grand jury in this District for mail, wire, and tax fraud on May 16, 2013. (Doc. 1.). He was later charged by Superseding Indictment dated January 28, 2015 for similar charges. (Doc. 92).

**I.     <u>SPECIFIC REQUESTS</u>**

Mr. Brooks requests access to the following records, materials, and information:

1.   The information used to complete the calculations in section IV of the Amended Plan of the United States District Court for the Northern District of Georgia of the Random Selection of Grand and Petit Jurors

1

("the Amended Plan") concerning the number of names selected for the Master Jury Wheel for each Division and the starting number of the selection, including a description of the process by which the starting number was established and the date on which the public drawing was held;

2. An electronic copy of the source list (the voter registration list according to the Amended Plan) for the Master Jury Wheel and the date on which the list was compiled by the Secretary of State, and the voter registration deadline;

3. An electronic copy of the Master Jury Wheel data, including racial, ethnic, gender, and age information and participant numbers;

4. An electronic copy of the Qualified Jury Wheel data, including racial, ethnic, gender, and age information (as well as participant numbers) and information on when each participant was added to the Qualified Jury Wheel;

5. Any and all information provided to third party vendors to construct the Master Jury Wheel and Qualified Jury Wheel from which the grand jury was drawn to indict Mr. Brooks;

6. All surveys or reports regarding the composition of the Master or

    Qualified Jury Wheel from all Divisions in the Northern District of Georgia (typically compiled on Form OA-12) as described in the last paragraph of the Amended Plan section IV, as well as the information used to complete the surveys or reports, the qualification forms/questionnaires themselves, and any related instructions;

7. The process by which names are selected from the Master Jury Wheel as described in the Amended Plan section V for the receipt of qualification forms/questionnaires and any public notice as required by 28 U.S.C. § 1864, describing the process by which names are periodically and randomly drawn;

8. The completed juror qualification forms of all persons qualified for service as described in the Amended Plan section V;

9. The completed juror qualification forms of all persons disqualified, excused, or exempted, and any other materials or information concerning these determinations (including requests for excusals and exemption and orders or notations concerning excusals, exemptions, and disqualifications) as described in the Amended Plan sections V, VII, VIII and IX;

10. The juror qualification forms of all persons whose form was returned by

the Postal Service;

11. All documents, materials and information concerning the determination of exemptions, excusals, and disqualifications as described in Amended Plan section IX;

12. The participant numbers drawn from the Qualified Jury Wheel and assigned to grand jury panels as described in the Amended Plan section XI for the period May 16, 2013, through and including Mr. Brooks' Superseding Indictment on January 28, 2015;

13. All "Orders to Draw Names of Grand Jurors for Service" (or equivalent document) from May 16, 2013 through and including Mr. Brooks' Superseding Indictment on January 28, 2015;

14. Information on deferments as described in the Amended Plan section XII from the grand jury panels;

15. Any surveys or reports that ensure the fulfillment of the requirements described in the Amended Plan section XIII that each county within the jury division is substantially proportionally represented in the Master Jury Wheel and that the odds of any single name being picked are substantially equal;

16. The items described in the Amended Plan section XIV that the Office of the Clerk of Court shall retain and provide public access to;

17. Any surveys, reports or procedures which ensure the fulfillment of the requirement in the Amended Plan section XVI that grand jurors shall be drawn on a pro rata, or approximately pro rata, basis from each division;

18. All documents, materials and information possessed by the Clerk's Office (including but not limited to studies, reports, articles or commentaries) concerning or referencing the demographic composition of the Northern District of Georgia and/or the extent to which the Amended Plan has accomplished the goals and intentions of section II (Policy) and the Jury Service and Selection Act (JSSA);

19. To the extent not covered in the above requests, all manuals, memorandums, standard operating procedures and other materials emanating from the Clerk's Office or the District Court which set forth procedures, guidelines and instructions for implementation and monitoring of the Amended Plan;

20. To the extent not covered in the above requests, any other documents, materials and information possessed or relied upon by the Clerk's Office, which would be relevant or helpful to a proper determination whether

the Amended Plan operates in substantial compliance with the JSSA, and/or whether the resulting grand and petit jury panels reflect a fair cross-section of the Northern District of Georgia community; and

21. Any statistical or summary reports regarding specific panels drawn from the Qualified Jury Wheel including those for the panels(s) drawn to create the grand jury which returned Mr. Brooks' pending Superseding Indictment.

## II.  LEGAL BASIS AND ARGUMENT

Pursuant to the Jury Selection and Service Act of 1968 ("the Act"), 28 U.S.C. § 1861 et seq., a defendant may move to dismiss an indictment and to stay further prosecution against him if there has been a "substantial failure" to comply with its provisions. The Supreme Court has long recognized a defendant's unqualified right to review materials relating to the construction of the jury wheels and the jury selection process for purposes of such a challenge. Test v. United States, 420 U.S. 28, 29-30 (1975) (citing 28 U.S.C. § 1861).

The Act itself provides that, in preparation of a motion challenging the compliance with the Act's jury selection provisions, a defendant may inspect, reproduce, and copy "the contents of records or papers used by the jury commission or clerk in connection with the jury selection process" at "all reasonable times during

the preparation and pendency of such a motion." 28 U.S.C. § 1867(f). A defendant need not show that his contemplated challenge to the jury composition has merit in order to access such records. See Gov't of Canal Zone v. Davis, 592 F.2d 887, 889 (5th Cir. 1979); United States v. Pritt, 458 Fed. Appx. 795, 799-800 (11th Cir. 2012) (noting requirement that defendant be allowed access to records); United States v. Percival, 756 F.2d 600, 614 (7th Cir. 1985) (granting discovery of "all records, documents, forms, papers and devices, including individual juror questionnaires, relating to the process of selecting the grand and petit juries" in the district); United States v. Royal, 100 F.3d 1019 (1st Cir. 1996) (holding that defendant has unqualified right to jury selection records without any showing of prima facie case or probable cause in order to mount a jury selection challenge; such records are "precursor" to establishing a prima facie case). Denial of this right to access may result in reversible error. See Canal Zone, supra. at 887.

Mr. Brooks filed a similar motion relating to his challenge to the May 16, 2013 Indictment. (Doc. 29). The Magistrate issued an order allowing Mr. Brooks' access to the grand jury materials requested in order to perfect his motion challenging the grand jury process leading to the May 16, 2013 Indictment. (Doc. 45). Mr. Brooks is filing contemporaneously with this motion a "Renewed and Amended Motion to Dismiss Indictment" challenging the grand jury process as it relates to the

7

Superseding Indictment and the original Indictment (to the extent that it infected the Superseding Indictment). (Doc. 98). In order to prepare a perfected motion, Mr. Brooks must obtain and analyze the grand jury information in the custody of the Clerk in order to undertake the statistical analysis required by applicable case law so that he can prosecute his claims under the JSSA and the Fifth and Sixth Amendments. Specifically, in his renewed motion, Mr. Brooks alleges that the grand jury process violates the fair cross-section requirement of the Sixth Amendment and the JSSA, the Equal Protection Clause, and that the process in this District violates the objectivity and randomness requirements of the JSSA. Mr. Brooks is requesting the same types of items he was given access to in order to perfect his motion relating to the original Indictment.

### III.   CONCLUSION

WHEREFORE, Mr. Brooks respectfully requests an Order directing the Clerk to provide Mr. Brooks access to the above listed records and materials, and the right to copy said materials as necessary.

This 4th day of February 2015.

Respectfully submitted,

*/s/ Roy E. Barnes*
ROY E. BARNES
Georgia Bar No. 039000

THE BARNES LAW GROUP, LLC
31 Atlanta Street
Marietta, Georgia 30060
770-419-8505
770-227-6373
Roy@barneslawgroup.com

*/s/ Thomas L. Hawker*
THOMAS L. HAWKER
Georgia Bar. No. 338670

*/s/ V. Natasha Perdew Silas*
V. NATASHA PERDEW SILAS
Georgia Bar. No. 571970

FEDERAL DEFENDER PROGRAM, INC.
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, Georgia  30303
404-688-7530
Thomas_hawker@fd.org
Natasha_Silas@fd.org

Counsel for Tyrone Brooks, Sr.

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B and served upon:

>Kurt R. Erskine
>Richard Moultrie
>Kamal Ghali
>Assistant United States Attorneys
>600 Richard B. Russell Building
>75 Spring Street, S. W.
>Atlanta, Georgia  30303

Via electronic ECF notification.

Dated: This 4th day of February, 2015.

>*/s/ Thomas L. Hawker*
>THOMAS L. HAWKER
>Georgia Bar. No. 338670

FEDERAL DEFENDER PROGRAM, INC.
Centennial Tower, Suite 1500
101 Marietta Street, NW
Atlanta, Georgia  30303
404-688-7530
Thomas_Hawker@fd.org