# EXHIBIT "L"

EXHIBIT "L"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>            v.<br><br>JOHN PEARL SMITH, II,<br><br>                     Defendant. | Case No. 3:16-cr-00086-SLG-1 |

**ORDER REGARDING MOTION FOR ACCESS TO JURY SELECTION RECORDS AND MATERIALS**

Before the Court at Docket 423 is Defendant John Pearl Smith, II's Motion for Access to Jury Selection Records and Materials. The Government does not oppose Mr. Smith's motion, but requests that the records and materials be covered by a protective order.[1] The Court will issue a protective order concurrently with this order.

28 U.S.C. § 1867 authorizes a criminal defendant to "move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of [the Jury Selection and Service Act] in selecting the grand or petit jury."[2] The statute also provides that the defendant may "inspect, reproduce, and copy" the "contents of records or papers used by the jury commission or clerk in connection with the jury selection process . . . as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section . . . ."[3] The ABA

---

[1] Docket 437 at 2 (Government's response).

[2] 28 U.S.C. § 1867(a).

[3] 28 U.S.C. § 1867(f); *see also United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986) ("The right to inspect jury lists is essentially unqualified.") (citing *Test v. United States*, 420 U.S. 28, 30

Guidelines for Death Penalty Counsel recommends that defense counsel consider challenges to the composition of both grand and petit juries.[4]  Mr. Smith has retained an expert to analyze the "demographics and procedures used to construct the Master and Qualified jury wheels in the District of Alaska."[5]

Having conferred with the Jury Clerk regarding the information requested by the defense expert, the Court responds as follows regarding the grand jury information requested in Attachment 1:[6]

- **Paragraphs 1, 2, 4, 6, and 7:**  This information will be provided.

- **Paragraph 3:**  This information does not exist.

- **Paragraph 5:**   This information is available on the Court's website at www.akd.uscourts.gov/jury-info (select "Jury Plan").  The posted Jury Plan serves as the notice required by 28 U.S.C. § 1864(a).

- **Paragraph 8:**  This information will be provided as to gender but does not exist for race or Hispanic ethnicity.[7]

---

(1975) (per curiam); *United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980)).

[4] *A.B.A. Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, 31 Hofstra L. Rev. 914, 1049–50 (2003) (filed at Docket 221) ("Subsection A of the Guideline has been amended to make clear that potential jury composition challenges should not be limited to the petit jury, but should also include the selection of the grand jury and grand jury forepersons.").

[5] Docket 423 at 5; Docket 423-2 at 2, ¶ 5.  Mr. Smith's expert has specifically not requested any personal information about jurors that could lead to their identification.

[6] Docket 423-2 at 4–6.

[7] This information is derived from the Alaska Division of Elections, which does not have registered voters indicate their race or Hispanic ethnicity.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order re: Motion for Access to Jury Selection Records and Materials
Page 2 of 5

- **Paragraph 9:**  This information will be provided in the form of an AO-12.  The proportionality information requested is available only to the extent it was provided by the summoned jurors.

- **Paragraphs 10 and 11:**  The District of Alaska uses a one-step jury plan—there is only one jury wheel; thus, there is no distinction between a master jury wheel and a qualified jury wheel.  The information requested in paragraphs 10 and 11 consists of approximately 500,000 entries and does not include race or Hispanic ethnicity.[8]  The race, gender, Hispanic ethnicity, year of birth, and location information is available only to the extent that information was provided by the summoned jurors.  The information is only available electronically in a Jury Management System/CIS Jury format.

- **Paragraph 12:**  This information will be provided for the jury wheel used to summon the grand jury in this case.  The race, gender, Hispanic ethnicity, year of birth, and location information is available only to the extent it was provided by the summoned jurors.

- **Paragraphs 13, 14, and 17:**  This information is in the same document as the information responding to Paragraph 12.

- **Paragraph 15:**  The source of the data for the jury wheel is the Alaska Division of Elections.

- **Paragraph 16:**  Information from juror forms that were returned in response to the grand jury summons is in the same document as the information responding

---

[8] This information is derived from the Alaska Division of Elections, which does not have registered voters indicate their race or Hispanic ethnicity.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order re: Motion for Access to Jury Selection Records and Materials
Page 3 of 5

to Paragraph 12. If the parties seek to review the actual returned juror forms, they must do so in the Jury Clerk's office with a member of the Court's staff present. The parties may not reproduce, copy, photograph, scan, or otherwise duplicate the returned juror forms unless they have been previously redacted. A party seeking to reproduce or copy the redacted returned juror forms must notify the Court at least two weeks prior to the date it wishes to access the redacted juror forms.

Attachment 2 to Docket 423 lists the requested information relating to the trial jury in this case.[9] The Court will not issue summonses for the trial jury until January 2020.[10] Accordingly, only the following information is available at this time:

- **Paragraphs 1 and 5:** The Jury Plan currently in effect is available on the Court's website at www.akd.uscourts.gov/jury-info (select "Jury Plan"). The posted Jury Plan serves as the notice required by 28 U.S.C. § 1864(a).

The Court will notify the parties when additional information relating to the trial jury becomes available.

In light of the foregoing, IT IS ORDERED that the motion at Docket 423 is GRANTED with the limitations set forth above. After the Court issues the protective order, the Jury Clerk shall work with the parties to arrange the distribution of the information and respond to any request to "inspect, reproduce, and copy" the information as set forth above. The opposing party may be present at any in-person inspection of information.

---

[9] Docket 423-2 at 7–9.

[10] *See* Docket 420 at 3 (Amended Scheduling Order requiring potential trial jurors to appear on March 23, 2020, to complete the juror questionnaire).

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order re: Motion for Access to Jury Selection Records and Materials
Page 4 of 5

The parties shall not communicate directly with the Jury Clerk to arrange any review of information in the Jury Clerk's office; rather, arrangements shall be made only through a member of the Court's staff and not with the Jury Clerk directly.[11]

DATED this 26th day of June, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[11] The parties may contact law clerk Emily Elison at emily_elison@akd.uscourts.gov regarding accessing jury selection records and materials and arranging scheduling. The parties shall copy the other party in any communications to Ms. Elison and other court personnel regarding these materials unless otherwise ordered.

Case No. 3:16-cr-00086-SLG-1, *United States v. Smith*
Order re: Motion for Access to Jury Selection Records and Materials
Page 5 of 5