1  PHILLIP A. TALBERT
   United States Attorney
2  JASON HITT
   ROSS PEARSON
3  DAVID SPENCER
   Assistant United States Attorneys
4  501 I Street, Suite 10-100
   Sacramento, CA 95814
5  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
6
   Attorneys for Plaintiff
7  United States of America

**FILED**

**Dec 08, 2022**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14  <u>**S U P E R S E D I N G   I N D I C T M E N T**</u>

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6

7          IN THE UNITED STATES DISTRICT COURT

8             EASTERN DISTRICT OF CALIFORNIA

9

10 | UNITED STATES OF AMERICA, | CASE NO.  2:19-CR-00107 KJM

11 |                    Plaintiff, | VIOLATIONS:  18 U.S.C. § 1962(d) – Conspiracy to Participate in a Racketeer Influenced Corrupt

12 |                    v. | Organization; 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder (5 counts); 21 U.S.C. §§ 846,

13 | RONALD YANDELL, | 841(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Heroin (2

   |    also known as "Renegade," | counts); 21 U.S.C. § 841(a)(1) – Distribution of

14 | DANIEL "Danny" TROXELL, | Heroin (5 counts); 21 U.S.C. § 841(a)(1) –

   | WILLIAM "Billy" SYLVESTER, | Distribution of Methamphetamine; 18 U.S.C.

15 |    also known as "Billy from Norco," | § 1959(a)(1) – Murder in Aid of Racketeering (4

   | BRANT DANIEL, | counts); 18 U.S.C. § 1963(a)(1), (a)(2), (a)(3), and

16 |    also known as "Two Scoops," | 21 U.S.C. § 853(a) – Criminal Forfeiture

   | PAT BRADY, |

17 |    also known as "Big Pat," |

   | JASON "Jake" CORBETT, |

18 | MICHAEL TORRES, |

   |    also known as "Mosca," |

19 | JUSTIN PETTY, |

   |    also known as "Rune," and |

20 | KATHLEEN NOLAN, |

21 |                    Defendants. |

22
23
24
25
26
27
28

# S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

The Racketeering Enterprise:  The Aryan Brotherhood

1.     The Aryan Brotherhood is a criminal organization whose members and associates engaged in, among other things, drug trafficking, theft, and acts of violence, including murder, attempted murder, and assault.

2.     The Aryan Brotherhood, including its leaders, members, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The Aryan Brotherhood operated throughout Missouri, South Dakota, Nevada, California, and elsewhere.  Some of the Aryan Brotherhood's operations in California took place in, and were overseen within, the State and Eastern District of California.

Formation

3.     The Aryan Brotherhood is an all-male, race-based gang formed in the California prison system.  White inmates seeking power and authority in prison founded the enterprise in the 1960's.

Membership

4.     Aryan Brotherhood members are recruited from the prison population.  For new members, the Aryan Brotherhood has a general policy of "blood in, blood out:"  Potential members must commit a murder to gain full membership and can only leave when they die.  However, exceptions have been made for new recruits who have shown a willingness to kill.

5.     To be considered for Aryan Brotherhood membership, an inmate must be sponsored by two members:  a primary and a secondary sponsor.  Generally, the inmate must also serve a probationary term, during which his conduct is observed by Aryan Brotherhood members.  If his conduct is satisfactory, the inmate is admitted to the Aryan Brotherhood.  Once accepted, an Aryan Brotherhood member is required to commit any criminal act that the enterprise asks of him.  An Aryan Brotherhood

1  member pledges his life to the enterprise.

## Command Structure

2

3    6.    The Aryan Brotherhood is governed by a three-man commission with authority over the

4  entire enterprise.  The primary purpose of the commission is to resolve disputes among Aryan

5  Brotherhood members and, when necessary, to approve the murder or assault of an Aryan Brotherhood

6  member.  In theory, the murder or assault of an Aryan Brotherhood member in California may be

7  executed only if the commission authorizes it.  Murder of a non-Aryan Brotherhood member does not

8  require commission approval.

## Codes of Conduct

9

10    7.    The Aryan Brotherhood does not have a formal code of conduct.  Instead, unwritten rules

11  of conduct govern the behavior of its members.  Most recently, three primary rules govern the behavior

12  of Aryan Brotherhood members.  They are: (1) Do not cooperate with law enforcement; (2) Keep your

13  word; and (3) Never be a coward.

14    8.    Members who do not fulfill their obligations to the Aryan Brotherhood are subject to

15  retaliation, including assault or murder.  Aryan Brotherhood members are prohibited from engaging in

16  certain conduct, including child molestation, homosexuality, and accruing drug debts to inmates of

17  another race while in prison.

18    9.    In addition to its members, the Aryan Brotherhood also has associates.  These people,

19  while not members, are closely affiliated with the Aryan Brotherhood.  Associates are required to follow

20  the orders of Aryan Brotherhood members.  Associates who do not fulfill their obligations to the Aryan

21  Brotherhood are subject to retaliation, including physical assault or murder.

22    10.    The Aryan Brotherhood enforces its rules of conduct and promotes discipline among the

23  enterprise by murdering, attempting to murder, conspiring to murder, assaulting, extorting, and

24  threatening those who either violate the rules or pose a threat to the enterprise.  The Aryan Brotherhood

25  also uses murder, the threat of murder, and assault to preserve, protect, and expand its position of power

26  within the California prison system.  Prison stabbings committed by Aryan Brotherhood members are

27  generally executed in a brutal manner with the purpose of leaving a lasting impression on other inmates.

28  White inmates are a minority in every California prison.  Therefore, Aryan Brotherhood-ordered prison

1 attacks are often particularly gruesome. These kinds of attacks are also committed in order to deter rivals
2 from confronting the Aryan Brotherhood's members and associates, often serving to warn other would-be
3 attackers that they risk severe retaliation.

4      11.    Inmates and others who do not follow the orders of the Aryan Brotherhood are subject to
5 retaliation, including physical assault or murder, as is anyone who uses violence against an Aryan
6 Brotherhood member. Inmates who cooperate with law enforcement authorities are "put in the hat" - that
7 is, marked for death.

<p align="center">Purposes of the Enterprise</p>

8
9      12.    The purposes of the Aryan Brotherhood include, but are not limited to, the following:
10        a.    Controlling illegal activities, such as narcotics trafficking, gambling, and extortion,
11 within the California prison system for the purpose of generating money for Aryan Brotherhood
12 members.

13        b.    Enriching the leaders, members, and associates of the Aryan Brotherhood through,
14 among other things, illegal trafficking of controlled substances, often in interstate and foreign commerce.

15        c.    Preserving, protecting, and enhancing the power, territory, reputation, and profits
16 of the Aryan Brotherhood through threats, intimidation, and violence, including, but not limited to,
17 murder, assault, and obstruction of justice.

18        d.    Using threats and violence to keep victims in fear of the Aryan Brotherhood and in
19 fear of its leaders, members, and associates.

<p align="center">Methods and Means used by the Aryan Brotherhood</p>

20
21      13.    The means and methods by which Aryan Brotherhood leaders, members, and associates
22 conduct and participate in the conduct of the affairs of the criminal enterprise include the following:

23        a.    The leaders and members of the Aryan Brotherhood direct, sanction, approve, and
24 permit other members and associates to carry out acts in furtherance of the enterprise.

25        b.    The leaders, members, and associates of the Aryan Brotherhood commit and
26 conspire to commit acts involving murder, intimidation, and assault against individuals who pose a threat
27 to the enterprise or who jeopardize its operations in order to perpetuate the enterprise and to maintain and
28 extend its power. The targets of these acts include, but are not limited to, members of rival organizations,

1   Aryan Brotherhood members, and witnesses to the enterprise's illegal activities.

2          c.     The leaders, members, and associates of the Aryan Brotherhood—under the

3   protection of the enterprise—engage in illegal activities, including narcotics trafficking, weapons theft,

4   and smuggling contraband into prisons in order to generate income.

5                                  Symbols

6      14.     Aryan Brotherhood members and associates use various symbols to signal their

7   participation in the enterprise. The symbols can appear in tattoos, drawings, and writings. The shamrock

8   is the most familiar symbol used to signify membership in the Aryan Brotherhood. If an incarcerated

9   inmate who is not a member of the enterprise has a shamrock tattoo, members of the Aryan Brotherhood

10   will require that inmate to remove or cover up the tattoo. Additional symbols demonstrating membership

11   in the Aryan Brotherhood include Nazi symbols, the letters "AB," the Roman numerals "I" and "II"

12   (representing the first two letters of the alphabet), the numbers "666," the number "88" (representing the

13   phrase "Heil Hitler" because "H" is the eighth letter in the alphabet), and the number "14" (referring to a

14   14-word mission statement for white supremacists).

15                            The Defendants

16      15.     Leaders, members, and associates of the Aryan Brotherhood have defined roles in the

17   enterprise.

18      16.     RONALD YANDELL, also known as "Renegade," is an Aryan Brotherhood member and

19   has been since in or about 2004. He held one of three leadership positions on the Aryan Brotherhood's

20   commission. As a member of the three-man commission, YANDELL had significant authority over the

21   enterprise, including resolving disputes among Aryan Brotherhood members and, when necessary,

22   approving the murder of current or former members of the Aryan Brotherhood.

23      17.     DANIEL "Danny" TROXELL is an Aryan Brotherhood member and has been since in or

24   about 1989. He held one of three leadership positions on the Aryan Brotherhood's commission. As a

25   member of the three-man commission, TROXELL had significant authority over the enterprise, including

26   resolving disputes among Aryan Brotherhood members and, when necessary, approving the murder of

27   current or former members of the Aryan Brotherhood.

28   ///

18.     WILLIAM "Billy" SYLVESTER, also known as "Billy from Norco," was an Aryan Brotherhood associate and has been an Aryan Brotherhood member since in or about 2018.

19.     BRANT DANIEL, also known as "Two Scoops," was an Aryan Brotherhood associate and has been an Aryan Brotherhood member since in or about 2013.

20.     PAT BRADY, also known as "Big Pat," is an Aryan Brotherhood member and has been since in or about 2010.

21.     JASON "Jake" CORBETT, formerly an Aryan Brotherhood associate, has been an Aryan Brotherhood member since in or about 2018.

22.     JUSTIN PETTY, also known as "Rune," is an Aryan Brotherhood associate.

23.     KATHLEEN NOLAN is an Aryan Brotherhood associate.

COUNT ONE: [18 U.S.C. § 1962(d) - Conspiracy to Participate in a Racketeering Enterprise]

The Grand Jury further charges:

<u>The Racketeering Conspiracy</u>

24.     The allegations contained in paragraphs 1 through 23 of this Indictment are re-alleged and incorporated herein.

25.     Beginning at a date unknown to the Grand Jury, but no later than in or around October 2011, and continuing to in or around June 2019, in the State and Eastern District of California, and elsewhere, the defendants,

RONALD YANDELL,
DANIEL TROXELL,
WILLIAM SYLVESTER,
BRANT DANIEL,
PAT BRADY,
JASON CORBETT,
JUSTIN PETTY,
KATHLEEN NOLAN, and

Donald Mazza, Travis Burhop, Matt Hall, Samuel Keeton, Jeanna Quesenberry, Kevin MacNamara, Kristen Demar, and others known and unknown to the Grand Jury, each being a person employed by and associated with the Aryan Brotherhood, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Aryan Brotherhood through a pattern of racketeering activity, which is

1   defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity

2   consisted of:

3           a.      multiple acts involving murder, in violation of California Penal Code §§ 187, 189,

4   182, 21a, 31, 664 and 653f;

5           b.      multiple acts involving bribery, in violation of California Penal Code § 641.3 and

6   punishable by incarceration for more than one year;

7           c.      multiple offenses involving drug trafficking, in violation of 21 U.S.C. §§ 841, 843

8   and 846;

9           d.      multiple acts indictable under 18 U.S.C. § 1952 (relating to racketeering); and

10          e.      multiple acts indictable under 18 U.S.C. § 2312 (relating to interstate

11  transportation of stolen motor vehicles).

12          26.     It was part of the conspiracy that each defendant agreed that a conspirator would commit

13  at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

Notice of Special Sentencing Factors

15  Number 1:  Murder of Ronald Richardson

16          27.     On or about October 7, 2011, in the Eastern District of California, the defendant,

17                          WILLIAM SYLVESTER,

18  did unlawfully, willfully, and intentionally, and with deliberation and premeditation, kill Ronald

19  Richardson, with malice aforethought, in violation of California Penal Code Sections 187, 189, and 31.

20  Number 2:  Murder of Hugo Pinell

21          28.     On or about August 12, 2015, in the Eastern District of California, the defendant,

22                          RONALD YANDELL,

23  and others did unlawfully, willfully, and intentionally, and with deliberation and premeditation, kill Hugo

24  Pinell, with malice aforethought, in violation of California Penal Code Sections 187, 189, and 31.

25  Number 3:  Conspiracy to distribute and possess with intent to distribute methamphetamine and heroin

26          Beginning on a date unknown to the Grand Jury, but no later than in or around January 2016 and

27  continuing through at least in or around December 2016, in the State and Eastern District of California,

28  and elsewhere, defendants,

RONALD YANDELL,
WILLIAM SYLVESTER,
KATHLEEN NOLAN, and

Travis Burhop, Matthew Hall, Samuel Keeton, and Jeanna Quesenberry, did conspire with each other, and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute at least 50 grams of methamphetamine (actual), a Schedule II controlled substance, and at least 1,000 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A).

Number 4:  Conspiracy to murder Kenneth Johnson

29.     Beginning on a date unknown to the Grand Jury, but no later than on or about August 11, 2016, and continuing until at least on or about October 1, 2016, within the Eastern District of California, and elsewhere, defendant,

RONALD YANDELL,

did conspire with others to unlawfully, willfully, and intentionally kill Aryan Brotherhood member Kenneth Johnson, with deliberation, premeditation and malice aforethought, and a conspirator engaged in telephone calls to discuss and plan the killing of Kenneth Johnson in furtherance of the conspiracy, all in violation of California Penal Code Sections 182, 187, and 189.

Number 5:  Conspiracy to murder James Mickey

30.     Beginning on a date unknown to the Grand Jury, but no later than on or about August 20, 2016, and continuing until at least on or about August 21, 2016, within the Eastern District of California, and elsewhere, defendants,

RONALD YANDELL,
DANIEL TROXELL, and

Travis Burhop, did conspire with each other and others to unlawfully, willfully, and intentionally kill Aryan Brotherhood member James Mickey, with deliberation, premeditation and malice aforethought, and a conspirator gave specific instructions on how to kill James Mickey in furtherance of the conspiracy, all in violation of California Penal Code Sections 182, 187, and 189.

Number 6:  Conspiracy to murder Paul Diaz

31.     Beginning on a date unknown to the Grand Jury, but no later than on or about August 20,

9

2016, and continuing until at least on or about August 21, 2016, within the Eastern District of California, and elsewhere, defendants,

<div align="center">RONALD YANDELL, and<br>JASON CORBETT,</div>

did conspire with each other and others to unlawfully, willfully, and intentionally kill Aryan Brotherhood associate Paul Diaz, with deliberation, premeditation and malice aforethought, and a conspirator relayed the order to kill Paul Diaz in furtherance of the conspiracy, all in violation of California Penal Code Sections 182, 187, and 189.

Number 7:  Conspiracy to murder Michael Trippe

32.    Beginning on a date unknown to the Grand Jury, but no later than on or about August 29, 2016, and continuing through at least on or about October 9, 2016, within the Eastern District of California, and elsewhere, defendant,

<div align="center">RONALD YANDELL,</div>

Donald Mazza, and Matthew Hall, did conspire with each other and others to unlawfully, willfully, and intentionally kill Aryan Brotherhood member Michael Trippe, with deliberation, premeditation and malice aforethought, and a conspirator convened a meeting to plan the murder of Michael Trippe in furtherance of the conspiracy, all in violation of California Penal Code Sections 182, 187, and 189.

Number 8:  Conspiracy to murder Doug Maynard

Beginning on a date unknown to the Grand Jury, but no later than on or about June 1, 2016, and continuing through at least on or about October 15, 2016, within the Eastern District of California, and elsewhere, the defendant,

<div align="center">RONALD YANDELL,</div>

did conspire with others to unlawfully, willfully, and intentionally kill Doug Maynard, with deliberation, premeditation and malice aforethought, and a conspirator stabbed Doug Maynard in furtherance of the conspiracy, all in violation of California Penal Code Sections 182, 187, and 189.

Number 9:  Murder of Doug Maynard

33.    On or about October 15, 2016, in the Eastern District of California, the defendant,

<div align="center">JASON CORBETT,</div>

and others did unlawfully, willfully, and intentionally, and with deliberation and premeditation, kill Doug

1  Maynard, with malice aforethought, in violation of California Penal Code Sections 187, 189, and 31.

2  Number 10:  Murder of Zachary Scott

3        34.    On or about October 29, 2016, in the Eastern District of California, and elsewhere, the

4  defendant,

5  <div align="center">BRANT DANIEL,</div>

6  and others did unlawfully, willfully, and intentionally, and with deliberation and premeditation, kill

7  Zachary Scott, with malice aforethought, in violation of California Penal Code Sections 187, 189, and 31.

8  Number 11:  Murder of Donald Pequeen

9        35.    On or about July 20, 2018, in the Eastern District of California, the defendants,

10  <div align="center">JASON CORBETT, and<br/>PAT BRADY,</div>

11

12  did unlawfully, willfully, and intentionally, and with deliberation and premeditation, kill Donald

13  Pequeen, with malice aforethought, in violation of California Penal Code Sections 187, 189, and 31.

14        All in violation of Title 18, United States Code, Section 1962(d).

15  COUNT TWO:  [18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering]

16        The Grand Jury further charges:

17        36.    The allegations contained in paragraphs 1 through 23 of this Superseding Indictment are

18  re-alleged and incorporated here.

19        37.    At all relevant times, the Aryan Brotherhood including its leaders, members, and

20  associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that

21  is, a group of individuals associated in fact that was engaged in, and the activities of which affected,

22  interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members

23  functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

24        38.    At all relevant times, the Aryan Brotherhood, the above-described enterprise, through its

25  leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States

26  Code, Sections 1959(b)(l) and 1961(1), namely,

27            a.    multiple acts involving murder in violation of California Penal Code §§ 187, 182,

28  189, 21a, 31, 664, and 653f; and

1          b.      multiple offenses involving drug trafficking in violation of 21 U.S.C. §§ 841, 843,

2  and 846.

3         39.      Beginning on a date unknown to the Grand Jury, but no later than on or about August 11,

4  2016, and continuing through at least on or about October 1, 2016, in the Eastern District of California,

5  and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the

6  Aryan Brotherhood, an enterprise engaged in racketeering activity, the defendant,

7                       RONALD YANDELL,

8  together with others known and unknown to the Grand Jury, did conspire to unlawfully and intentionally

9  murder Kenneth Johnson in furtherance of the purposes and objectives of the Aryan Brotherhood, in

10  violation of California Penal Code Sections 182, 187, and 189.

11      All in violation of Title 18, United States Code, Section 1959(a)(5).

12  <u>COUNT THREE</u>:  [18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering]

13      The Grand Jury further charges:

14         40.      The allegations contained in paragraphs 36 through 38 of this Superseding Indictment are

15  re-alleged and incorporated here.

16         41.      Beginning on a date unknown to the Grand Jury, but no later than on or about August 20,

17  2016, and continuing through at least on or about August 21, 2016, in the Eastern District of California

18  and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the

19  Aryan Brotherhood, an enterprise engaged in racketeering activity, the defendants,

20                       RONALD YANDELL,
                         DANIEL TROXELL, and

21

22  Travis Burhop, together with others known and unknown to the Grand Jury, did conspire to unlawfully

23  and intentionally murder James Mickey in furtherance of the purposes and objectives of the Aryan

24  Brotherhood, in violation of California Penal Code Sections 182, 187 and 189.

25      All in violation of Title 18, United States Code, Section 1959(a)(5).

26  <u>COUNT FOUR</u>:  [18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering]

27      The Grand Jury further charges:

28         42.      The allegations contained in paragraphs 36 through 38 of this Superseding Indictment are

1 | re-alleged and incorporated here.

2    43.    Beginning on a date unknown to the Grand Jury, but no later than on or about August 21,

3 | 2016, and continuing through at least on or about August 22, 2016, in the Eastern District of California,

4 | and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the

5 | Aryan Brotherhood, an enterprise engaged in racketeering activity, the defendants,

6                    RONALD YANDELL, and
                      JASON CORBETT,
7

8 | together with others known and unknown to the Grand Jury, did conspire to unlawfully and intentionally

9 | murder Paul Diaz in furtherance of the purposes and objectives of the Aryan Brotherhood, in violation of

10 | California Penal Code Sections 182, 187 and 189.

11    All in violation of Title 18, United States Code, Section 1959(a)(5).

12 | COUNT FIVE:  [18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering]

13    The Grand Jury further charges:

14    44.    The allegations contained in paragraphs 35 through 37 of this Indictment are re-alleged

15 | and incorporated here.

16    45.    Beginning on a date unknown to the Grand Jury, but no later than on or about August 19,

17 | 2016, and continuing through at least on or about October 1, 2016, in the Eastern District of California,

18 | and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the

19 | Aryan Brotherhood, an enterprise engaged in racketeering activity, the defendant,

20                    RONALD YANDELL,

21 | Donald Mazza, and Matthew Hall, together with others known and unknown to the Grand Jury, did

22 | conspire to unlawfully and intentionally murder Michael Trippe in furtherance of the purposes and

23 | objectives of the Aryan Brotherhood, in violation of California Penal Code Sections 182, 187 and 189.

24    All in violation of Title 18, United States Code, Section 1959(a)(5).

25 | COUNT SIX:  [18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering]

26    The Grand Jury further charges:

27    46.    The allegations contained in paragraphs 36 through 38 of this Superseding Indictment are

28

1  re-alleged and incorporated here.

2     47.     Beginning on a date unknown to the Grand Jury, but no later than on or about June 1,

3  2016, and continuing through at least on or about October 15, 2016, in the Eastern District of California,

4  and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the

5  Aryan Brotherhood, an enterprise engaged in racketeering activity, the defendant,

6                              RONALD YANDELL,

7  together with others known and unknown to the Grand Jury, did conspire to unlawfully and intentionally

8  murder Doug Maynard in furtherance of the purposes and objectives of the Aryan Brotherhood, in

9  violation of California Penal Code Sections 182, 187 and 189.

10     All in violation of Title 18, United States Code, Section 1959(a)(5).

11  COUNT SEVEN:  [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy  to Distribute and Possess with Intent to
                Distribute Methamphetamine and Heroin]

12

13     The Grand Jury further charges:

14                              RONALD YANDELL,
                               WILLIAM SYLVESTER,
15                              MICHAEL TORRES, and
                               KATHLEEN NOLAN,
16

17  defendants herein, as follows:

18     48.     Beginning at a date unknown to the Grand Jury, but no later than on or about January 1,

19  2016, and continuing through at least on or about December 22, 2016, in the State and Eastern District of

20  California, and elsewhere, the defendants did conspire and agree with each other, and with persons

21  known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent

22  to distribute at least 50 grams of methamphetamine (actual), a Schedule II controlled substance, and at

23  least 1,000 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I

24  controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A).

25  COUNT EIGHT:  [21 U.S.C. § 841(a)(1) – Distribution of Heroin]

26  ///

27  ///

28  ///

The Grand Jury further charges:

RONALD YANDELL,

defendant herein, as follows:

49. On or about July 11, 2016, in the State and Eastern District of California, did knowingly and intentionally distribute at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT NINE: [21 U.S.C. § 841(a)(1) – Distribution of Heroin]

The Grand Jury further charges:

RONALD YANDELL,

defendant herein, as follows:

50. On or about July 24, 2016, in the State and Eastern District of California, the defendants did knowingly and intentionally distribute at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT TEN: [21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine]

The Grand Jury further charges:

RONALD YANDELL, and
WILLIAM SYLVESTER,

defendants herein, as follows:

51. On or about August 11, 2016, in the State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

///

///

///

1   COUNT ELEVEN:  [21 U.S.C. § 841(a)(1) – Distribution of Heroin]

2       The Grand Jury further charges:

3                       RONALD YANDELL,

4   defendant herein, as follows:

5       52.    On or about August 12, 2016, in the State and Eastern District of California, did

6   knowingly and intentionally distribute at least 100 grams of a mixture and substance containing a

7   detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States

8   Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

9   COUNT TWELVE:  [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and Possess with Intent to
                                Distribute Methamphetamine and Heroin]

10

11       The Grand Jury further charges:
                       RONALD YANDELL,

12                   JASON CORBETT, and
                     JUSTIN PETTY,

13

14   defendants herein, as follows:

15       53.    Beginning at a date unknown to the Grand Jury, but no later than on or about August 11,

16   2016, and continuing through at least on or about September 6, 2016, in the State and Eastern District of

17   California, and elsewhere, the defendants did conspire and agree with each other, and with other persons

18   known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent

19   to distribute at least 50 grams of methamphetamine (actual), a Schedule II controlled substance, and at

20   least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I

21   controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

22   COUNT THIRTEEN:  [21 U.S.C. § 841(a)(1) – Distribution of Heroin]

23       The Grand Jury further charges:

24                       RONALD YANDELL,

25   defendant herein, as follows:

26       54.    On or about October 18, 2016, at approximately 1:40 p.m., in the State and Eastern

27   District of California, did knowingly and intentionally distribute a mixture and substance containing a

28

1   detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States

2   Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

3   COUNT FOURTEEN:  [21 U.S.C. § 841(a)(1) – Distribution of Heroin]

4        The Grand Jury further charges:

5                    RONALD YANDELL,

6   defendant herein, as follows:

7        55.     On or about October 18, 2016, at approximately 3:03 p.m., in the State and Eastern

8   District of California, did knowingly and intentionally distribute a mixture and substance containing a

9   detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States

10   Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

11   COUNT FIFTEEN:  [18 U.S.C. §§ 1959(a)(l) and 2 – Murder in Aid of Racketeering]

12        The Grand Jury further charges:

13        56.     The allegations contained in paragraphs 36 through 38 of this Superseding Indictment are

14   re-alleged and incorporated here.

15        57.     On or about October 7, 2011, in the Eastern District of California, for the purpose of

16   gaining entrance to and maintaining and increasing position in the Aryan Brotherhood, an enterprise

17   engaged in racketeering activity, the defendant,

18                  WILLIAM SYLVESTER,

19   together with others known and unknown to the Grand Jury, did unlawfully and intentionally murder

20   Ronald Richardson, in violation of California Penal Code Sections 187, 189, and 31.

21        All in violation of Title 18, United States Code, Sections 1959(a)(l) and 2.

22   As to COUNT FIFTEEN, defendant WILLIAM SYLVESTER:

23        58.     Was more than 18 years old at the time of the offense (18 U.S.C. § 3591(a));

24        59.     Intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

25        60.     Intentionally inflicted serious bodily injury that resulted in the death of the victim (18

26   U.S.C. § 3591(a)(2)(B));

27        61.     Intentionally participated in an act, contemplating that the life of a person would be taken

28   or intending that lethal force would be used in connection with a person, other than a participant in the

1    offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

2    62.   Intentionally and specifically engaged in an act of violence, knowing that the act created a

3    grave risk of death to a person, other than one of the participants in the offense, such that participation in

4    the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18

5    U.S.C. § 3591(a)(2)(D));

6    63.   Committed the offense after previously being convicted of a state offense resulting in the

7    death of a person, for which a sentence of life imprisonment, or a sentence of death was authorized by

8    statute (18 U.S.C. § 3592(c)(3));

9    64.   Committed the offense in an especially heinous, cruel, or depraved manner in that it

10   involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6));

11   65.   Committed the offense after substantial planning and premeditation to cause the death of a

12   person (18 U.S.C. § 3592(c)(9)).

13   COUNT SIXTEEN:  [18 U.S.C. §§ 1959(a)(l) and 2 – Murder in Aid of Racketeering]

14   The Grand Jury further charges:

15   66.   The allegations contained in paragraphs 36 through 38 of this Superseding Indictment are

16   re-alleged and incorporated here.

17   67.   On or about August 12, 2015, in the Eastern District of California, for the purpose of

18   gaining entrance to and maintaining and increasing position in the Aryan Brotherhood, an enterprise

19   engaged in racketeering activity, the defendant,

20   RONALD YANDELL,

21   together with others known and unknown to the Grand Jury, did unlawfully and intentionally murder

22   Hugo Pinell, in violation of California Penal Code Sections 187, 189, and 31.

23   All in violation of Title 18, United States Code, Sections 1959(a)(l) and 2.

24   As to COUNT SIXTEEN, defendant RONALD YANDELL:

25   68.   Was more than 18 years old at the time of the offense (18 U.S.C. § 3591(a));

26   69.   Intentionally participated in an act, contemplating that the life of a person would be taken

27   or intending that lethal force would be used in connection with a person, other than a participant in the

28   offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

70.     Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

71.     Committed the offense after previously being convicted of a state offense resulting in the death of a person, for which a sentence of life imprisonment, or a sentence of death was authorized by statute (18 U.S.C. § 3592(c)(3));

72.     Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6));

73.     Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

74.     Committed the offense after previously being convicted of violating a provision of Title II or Title III of the Comprehensive Drug Abuse Prevention and Control Act (21 U.S.C. § 801, et seq.) for which a sentence of five or more years may be imposed (18 U.S.C. § 3592(c)(12)).

COUNT SEVENTEEN:  [18 U.S.C. §§ 1959(a)(l) and 2 – Murder in Aid of Racketeering]

The Grand Jury further charges:

75.     The allegations contained in paragraphs 36 through 38 of this Superseding Indictment are re-alleged and incorporated here.

76.     On or about October 29, 2016, in the Eastern District of California, and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the Aryan Brotherhood, an enterprise engaged in racketeering activity, the defendant,

BRANT DANIEL,

together with others known and unknown to the Grand Jury, did unlawfully and intentionally murder Zachary Scott, in violation of California Penal Code Sections 187, 189, and 31.

All in violation of Title 18, United States Code, Sections 1959(a)(l) and 2.

As to COUNT SEVENTEEN, defendant BRANT DANIEL:

77.     Was more than 18 years old at the time of the offense (18 U.S.C. § 3591(a));

78.     Intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

79.     Intentionally inflicted serious bodily injury that resulted in the death of the victim (18 U.S.C. § 3591(a)(2)(B));

80.     Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

81.     Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

82.     Committed the offense after previously being convicted of a state offense resulting in the death of a person, for which a sentence of life imprisonment, or a sentence of death was authorized by statute (18 U.S.C. § 3592(c)(3));

83.     Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6)); and

84.     Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

COUNT EIGHTEEN:   [18 U.S.C. §§ 1959(a)(l) and 2 – Murder in Aid of Racketeering]

The Grand Jury further charges:

85.     The allegations contained in paragraphs 36 through 38 of this Indictment are re-alleged and incorporated here.

86.     On or about July 20, 2018, in the Eastern District of California, for the purpose of gaining entrance to and maintaining and increasing position in the Aryan Brotherhood, an enterprise engaged in racketeering activity, the defendants,

JASON CORBETT, and
PAT BRADY,

together with others known and unknown to the Grand Jury, did unlawfully and intentionally murder Donald Pequeen, in violation of California Penal Code Sections 187, 189, and 31.

All in violation of Title 18, United States Code, Sections 1959(a)(l) and 2.

20

As to COUNT EIGHTEEN, defendant JASON CORBETT:

87. Was more than 18 years old at the time of the offense (18 U.S.C. § 3591(a));

88. Intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

89. Intentionally inflicted serious bodily injury that resulted in the death of the victim (18 U.S.C. § 3591(a)(2)(B));

90. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

91. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

92. Committed the offense after previously being convicted of a state offense resulting in the death of a person, for which a sentence of life imprisonment, or a sentence of death was authorized by statute (18 U.S.C. § 3592(c)(3));

93. Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6)); and

94. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

As to COUNT EIGHTEEN, defendant PAT BRADY:

95. Was more than 18 years old at the time of the offense (18 U.S.C. § 3591(a));

96. Intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

97. Intentionally inflicted serious bodily injury that resulted in the death of the victim (18 U.S.C. § 3591(a)(2)(B));

98. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

99. Intentionally and specifically engaged in an act of violence, knowing that the act created a

21

1   grave risk of death to a person, other than one of the participants in the offense, such that participation in

2   the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18

3   U.S.C. § 3591(a)(2)(D));

4         100.    Committed the offense in an especially heinous, cruel, or depraved manner in that it

5   involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6)); and

6         101.    Committed the offense after substantial planning and premeditation to cause the death of a

7   person (18 U.S.C. § 3592(c)(9)).

8   <u>FORFEITURE ALLEGATION</u>:  [18 U.S.C. § 1963(a) and 21 U.S.C. § 853(a) – Criminal Forfeiture]

9         1.    Upon conviction of the offense alleged in Count One of this Superseding Indictment,

10   defendants RONALD YANDELL, DANIEL TROXELL, WILLIAM SYLVESTER, BRANT DANIEL,

11   PAT BRADY, JASON CORBETT, JUSTIN PETTY, and KATHLEEN NOLAN shall forfeit to the

12   United States pursuant to Title 18, United States Code, Sections 1963(a), any interest the defendants

13   acquired or maintained in violation of Title 18, United States Code, Section 1962; any interest in, security

14   of, claim against, or property or contractual right of any kind affording a source of influence over, an

15   enterprise which the defendants established, operated, controlled, conducted, or participated in the

16   conduct of, in violation of Title 18, United States Code, Section 1962; and any property constituting, or

17   derived from, any proceeds which the defendants obtained, directly or indirectly, from racketeering

18   activity in violation of Title 18, United States Code, Section 1962.

19         2.    Upon conviction of one or more of the offenses alleged in Counts Seven through Fourteen

20   of this Superseding Indictment, defendants RONALD YANDELL, WILLIAM SYLVESTER,

21   MICHAEL TORRES, KATHLEEN NOLAN, JASON CORBETT, and JUSTIN PETTY, shall forfeit to

22   the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

23         a.    All right, title, and interest in all real or personal property, which constitutes or is

24   derived from proceeds obtained, directly or indirectly, as a result of such offenses; and all property used,

25   or intended to be used, in any manner or part to commit or to facilitate the commission of the offenses.

26         b.    A sum of money equal to the total amount of proceeds obtained as a result of the

27   offenses, or conspiracy to commit such offenses, for which defendants are convicted.

28         3.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One and

Seven through Fourteen of this Superseding Indictment, for which defendants are convicted:

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third party;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

**/s/ Signature on file w/AUSA**

_____
FOREPERSON

PHILLIP A. TALBERT
United States Attorney

*No.* **2:19-CR-00107 KJM**

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

RONALD YANDELL,
also known as "Renegade,"
DANIEL "Danny" TROXELL,
WILLIAM "Billy" SYLVESTER,
also known as "Billy from Norco,"
BRANT DANIEL,
also known as "Two Scoops,"
PAT BRADY,
also known as "Big Pat,"
JASON "Jake" CORBETT,
MICHAEL TORRES,
also known as "Mosca,"
JUSTIN PETTY,
also known as "Rune," and
KATHLEEN NOLAN,

## S U P E R S E D I N G   I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1962(d) – Conspiracy to Participate in Racketeer Influenced
Corrupt Organization; 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder (5 counts);
21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute
Methamphetamine and Heroin (2 counts); 21 U.S.C. §  841(a)(1) – Distribution of Heroin (5 counts);
21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine;
18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering (4 counts);
18 U.S.C. § 1963(a)(1), (a)(2), (a)(3), and 21 U.S.C. § 853(a) – Criminal Forfeiture

*A true bill,*      **/s/ Signature on file w/AUSA**

— — — — — — — — — — — — — — — — — — — — — —
*Foreman.*

*Filed in open court this* _ _ _ _ _ 8th _ _ _ _ _ *day*

*of* _ _ December _ _ _ , *A.D.* 20 22

— — — — — — — — — — — /s/ M York — — — —
*Clerk.*

All defendants except Kathleen Nolan are in federal custody and no further process is

*Bail, $* _ necessary.  As to Kathleen Nolan - no bail bench warrant.

— — — — — — — — — — — — — — — — — — — — — —
December 8, 2022

— — — — — — — — — — — —
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

GPO 863 525

## United States v. Ronald Yandell, et al.
### Penalties for Superseding Indictment

## COUNT 1
**RONALD YANDELL**
**DANIEL TROXELL**
**WILLIAM SYLVESTER**
**TRAVIS BURHOP**
**BRANT DANIEL**
**PAT BRADY**
**JASON CORBETT**
**JUSTIN PETTY**
**KATHLEEN NOLAN**

VIOLATION:       18 U.S.C. § 1962(d) - Conspiracy to participate in a racketeer influenced
                 corrupt organization

PENALTIES:       Maximum of up to life in prison; or
                 Fine of up to $250,000; or both fine and imprisonment
                 Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 2
**RONALD YANDELL**

VIOLATION:       18 U.S.C. § 1959(a)(5) – Conspiracy to commit murder in aid of
                                          racketeering

PENALTIES:       Maximum of up to 10 years in prison; or
                 Fine of up to $250,000; or both fine and imprisonment
                 Supervised release of up to 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

49

**COUNT 6**
**RONALD YANDELL**

VIOLATION:          18 U.S.C. § 1959(a)(5) – Conspiracy to commit murder in aid of
                                  racketeering

PENALTIES:          Maximum of up to 10 years in prison; or
                             Fine of up to $250,000; or both fine and imprisonment
                             Supervised release of up to 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 7**
**RONALD YANDELL**
**WILLIAM SYLVESTER**
**MICHAEL TORRES**
**KATHLEEN NOLAN**

VIOLATION:          21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to distribute at least 50 grams of
                             methamphetamine (actual) and at least 1 kilogram of heroin

PENALTIES:          Mandatory minimum of 10 years in prison and a maximum of up to life in
                             prison; or
                             Fine of up to $10,000,000; or both fine and imprisonment
                             Supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 8**
**RONALD YANDELL**

VIOLATION:          21 U.S.C. § 841(a)(1) – Distribution of at least 100 grams of heroin

PENALTIES:          Mandatory minimum of 5 years in prison and a maximum of up to 40
                             years in prison; or
                             Fine of up to $5,000,000; or both fine and imprisonment
                             Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 9
**RONALD YANDELL**

VIOLATION:      21 U.S.C. § 841(a)(1) – Distribution of at least 100 grams of heroin

PENALTIES:      Mandatory minimum of 5 years in prison and a maximum of up to 40
years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 10
**RONALD YANDELL**
**WILLIAM SYLVESTER**

VIOLATION:      21 U.S.C. § 841(a)(1) – Distribution of methamphetamine

PENALTIES:      Maximum of up to 20 years in prison; or
Fine of up to $1,000,000; or both fine and imprisonment
Supervised release of at least 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 11
**RONALD YANDELL**

VIOLATION:      21 U.S.C. § 841(a)(1) – Distribution of at least 100 grams of heroin

PENALTIES:      Mandatory minimum of 5 years in prison and a maximum of up to 40
years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 12**
**RONALD YANDELL**
**JASON CORBETT**
**JUSTIN PETTY**

VIOLATION:          21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to distribute and possess with
                    intent to distribute at least 50 grams of methamphetamine (actual), and at
                    least 100 grams of a mixture and substance containing a detectable amount
                    of heroin

PENALTIES:          Mandatory minimum of 10 years in prison and a maximum of up to life in
                    prison; or
                    Fine of up to $10,000,000; or both fine and imprisonment
                    Supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 13**
**RONALD YANDELL**

VIOLATION:          21 U.S.C. § 841(a)(1) – Distribution of heroin

PENALTIES:          Maximum of up to 20 years in prison; or
                    Fine of up to $1,000,000; or both fine and imprisonment
                    Supervised release of at least 3 years up to life


SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 14**
**RONALD YANDELL**

VIOLATION:          21 U.S.C. § 841(a)(1) – Distribution of heroin

PENALTIES:          Maximum of up to 20 years in prison; or
                    Fine of up to $1,000,000; or both fine and imprisonment
                    Supervised release of at least 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 15
## WILLIAM SYLVESTER

VIOLATION:        18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering

PENALTIES:        Death;[8]
                  Fine of up to $250,000; or both fine and imprisonment
                  Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 16
## RONALD YANDELL

VIOLATION:        18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering

PENALTIES:        Death;[9]
                  Fine of up to $250,000; or both fine and imprisonment
                  Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## COUNT 17
## BRANT DANIEL

VIOLATION:        18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering

PENALTIES:        Death;[10]
                  Fine of up to $250,000; or both fine and imprisonment
                  Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

---

[8]     Death is maximum possible penalty on this charge but the United States has not made a final determination on whether to pursue the maximum penalty on this charge.

[9]     Death is maximum possible penalty on this charge but the United States has not made a final determination on whether to pursue the maximum penalty on this charge.

[10]     Death is maximum possible penalty on this charge but the United States has not made a final determination on whether to pursue the maximum penalty on this charge.

**COUNT 18**
**JASON CORBETT**
**PAT BRADY**

VIOLATION:          18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering

PENALTIES:          Death;[11]
                    Fine of up to $250,000; or both fine and imprisonment
                    Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**FORFEITURE ALLEGATION:**

VIOLATIONS:         18 U.S.C. § 1963(a), and 21 U.S.C. § 853(a) – Criminal Forfeiture

PENALTIES:          As stated in the Indictment

---

[11]     Death is maximum possible penalty on this charge but the United States has not made a final determination on whether to pursue the maximum penalty on this charge.