UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-00107 KJM |
| Plaintiff, | |
| v. | ORDER |
| RONALD DEAN YANDELL, et al. | |
| Defendants. | |

Defendants Yandell and Corbett filed a motion for a bill of particulars, ECF No. 1430, which was joined by co-defendant Brady, ECF No. 1447. The motion is fully briefed. ECF No. 1456 (government's opposition), ECF No. 1490 (defendants' reply). The matter came on for hearing before the undersigned on April 26, 2023. ECF No. 1498. Assistant United States Attorneys Jason Hitt and David Spencer appeared for the United States; Peter Arian and Bradley Levenson appeared for defendant Yandell; Kresta Daly and Richard Novak appeared for defendant Corbett; and John Manning and Marcia Morrisey appeared for defendant Brady. Id. Having considered the briefs and arguments presented by the parties, the court now rules.

I.  BACKGROUND

The moving defendants and others are charged with participating in a criminal RICO conspiracy. The government alleges in pertinent part that the moving defendants are Aryan Brotherhood members who orchestrated drug trafficking and murders while incarcerated.

1

Case 2:19-cr-00107-KJM   Document 1519   Filed 05/11/23   Page 2 of 9

Defendants were initially charged on May 21, 2019, by criminal complaint supported by a 143-page affidavit. ECF No. 1.

Count One of the operative Superseding Indictment charges the defendants with Conspiracy to Participate in a Racketeering Enterprise in violation of 18 U.S.C. § 1962(d). ECF No. 1375 at 7. The indictment alleges that this conspiracy began no later than in or around October 2011 and continued to in or around June 2019, and that it involved a pattern of racketeering activity consisting of multiple but unspecified acts of murder, bribery, drug trafficking, travel or transportation related to racketeering, and transportation of stolen vehicles. Id. at 7-8, ¶25.[1] In relation to Count One, the indictment gives notice of several Special Sentencing Factors, two of which are at issue on the present motion. Special Sentencing Factor Number 2 alleges that defendant Yandell and unspecified others murdered Hugo Pinell. Id. at 8. Special Sentencing Factor Number 9 alleges that defendant Corbett and unspecified others murdered Doug Maynard.

II.  THE MOTION

Defendants seek answers to twenty-two specific questions regarding details of the alleged conspiracy and the alleged actions of Yandell and Corbett in relation to the murders of Hugo Pinell and Doug Maynard, respectively. ECF No. 1430 at 7-9. Defendants argue that such information is necessary to give them notice of the charges against them, permit them to prepare for trial, and prevent double jeopardy. The motion seeks the following particulars:

> 1. **Count One: Conspiracy to Participate in a Racketeering Enterprise Under 18 U.S.C. §1962(d)**
>
> (a) Please identify the location(s) other than the State of California and Eastern District of California where the alleged conspiracy occurred (*see* Superseding Indictment at ¶25 (alleging that the conspiracy occurred "in the State and Eastern District of California, and elsewhere") (emphasis added)).

---

[1] As a background fact, the indictment also alleges that the purposes of the Aryan Brotherhood include the control of illegal activities such as narcotics trafficking, gambling, and extortion within the California prison system. Id. at 5, ¶ 12.a. Count One does not specifically allege that the defendants conspired to or did commit acts involving extortion as part of the conspiracy. See id. at 8, ¶25.a-e.

2

(b) Please identify the date and time Mr. Yandell and Mr. Corbett joined in the alleged conspiratorial agreement.

(c) Please identify the location(s) where the alleged agreement(s) were reached.

(d) Please identify the names and addresses of the individuals present (whether physically, telephonically, or otherwise) when the alleged agreement(s) were reached.

(e) Please specify the form the alleged agreement(s) took.

(f) Please identify the precise words or conduct by which Mr. Yandell and Mr. Corbett allegedly entered into such a conspiracy.

(g) Please identify the names and addresses of all alleged co-conspirators not named in the Superseding Indictment who are described as "others known and unknown" (*see* Superseding Indictment at ¶25).

(h) Please identify the names and addresses of the individuals referred to as "others" (*see* Superseding Indictment at ¶28).

(i) Please identify what conduct Ronald Yandell and/or Jason Corbett engaged in that constitute extortion (*see* Superseding Indictment at 5:10-12].

(j) Please identify what conduct Ronald Yandell and/or Jason Corbett engaged in that constitute gambling (*see* Superseding Indictment at 5:10-12].

(k) Please identify what conduct Ronald Yandell and/or Jason Corbett engaged in that constitute bribery, including who was bribed (*see* Superseding Indictment at 8:5-6].

(l) Please identify what conduct Ronald Yandell and/or Jason Corbett engaged in that constitute interstate transportation of stolen motor vehicles (*see* Superseding Indictment at 8:10-11].

2. **Notice of Special Sentencing Factors as to Count One Number 2: Murder of Hugo Pinell**

(m) Please specify what actions Mr. Yandell undertook to murder or facilitate the murder of Hugo Pinell.

(n) Please specify Mr. Yandell's alleged role in the alleged conspiracy. If the government alleges that Mr. Yandell's role changed over time, please list the different roles that Mr. Yandell played along with their corresponding time periods.

(o) If Mr. Yandell is charged as an aider or abettor and not as the person who actually killed Hugo Pinell, please identify the names and addresses of the alleged accomplices.

      (p) Please specify and list the acts that the government alleges Mr. Yandell committed during the course of the claimed conspiracy.

      (q) Please identify the names and addresses of the individual(s) who were present when Mr. Yandell allegedly committed each act.

    3. **Notice of Special Sentencing Factors as to Count One Number 9: Murder of Doug Maynard**

      (r) Please specify what actions Mr. Corbett undertook to murder or facilitate the murder of Doug Maynard.

      (s) Please specify Mr. Corbett's alleged role. If the government alleges that Mr. Corbett's role changed over time, please list the different roles that Mr. Corbett played along with their corresponding time periods.

      (t) If Mr. Corbett is charged as an aider or abettor and not as the person who actually killed Doug Maynard, please identify the names and addresses of the alleged accomplices.

      (u) Please specify and list the acts that the government alleges Mr. Corbett committed during the course of the claimed conspiracy.

      (v) Please identify the names and addresses of the individual(s) who were present when Mr. Corbett allegedly committed each act.

ECF No. 1430 at 7-9.

      The government emphasizes in opposition that a previous motion for a bill of particulars, seeking much of the same information, was denied by Magistrate Judge Barnes on December 14, 2021. ECF No. 1456 at 9-10 (citing order at ECF No. 959). Judge Mueller upheld that determination, ECF No. 1151, which the government argues should not be reconsidered here. The government also argues that the indictment, affidavit in support of the criminal complaint, and voluminous discovery provide ample detail about the government's theory of each defendant's involvement in the charged conspiracy.

    III.    <u>LEGAL STANDARDS</u>

      The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him or her with sufficient precision to enable the defendant to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to protect against double jeopardy should the defendant be prosecuted a second time for the same offense. <u>United States v. Ayers</u>, 924 F.2d 1468, 1483 (9th Cir. 1991); <u>United States v. Mitchell</u>, 744 F.2d 701, 705 (9th Cir. 1984); <u>United</u>

States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979). Federal trial courts have broad discretion in determining whether to grant a motion for bill of particulars. See Will v. United States, 389 U.S. 90, 98 (1967); United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999); United States v. Calabrese, 825 F.2d 1342, 1347 (9th Cir. 1987) (abuse of discretion standard on appeal). In exercising its discretion, the court should consider the totality of the information available to the defendants through the indictment, affirmations, and pretrial discovery and determine whether, in light of the charges the defendants must answer, the filing of a bill of particulars is warranted. United States v. Reddy, 190 F. Supp. 2d 558, 565 (S.D.N.Y. 2002); United States v. Santiago, 174 F. Supp. 2d 16, 34 (S.D.N.Y. 2001) (court should also consider the complexity of the offenses charged and the clarity of the indictment).

In striking a proper balance between the legitimate interests of the government and those of the defendant, the court must keep in mind that a bill of particulars is not a discovery tool or a device to allow the defense to preview the government's evidence. United States v. Fletcher, 74 F.3d 49, 52 (4th Cir. 1996); United States v. Ramirez, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); see also Santiago, 174 F. Supp. 2d at 34. Nor is a bill of particulars to be used to discover the witnesses the government intends to call at trial. United States v. DiCesare, 765 F.2d 890, 897-98 (9th Cir.), amended on other grounds, 777 F.2d 543 (1985). "A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." Giese, 597 F.2d at 1181; see also United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986); United States v. Middleton, 35 F. Supp. 2d 1189, 1192 (N.D. Cal. 1999) ("[T]he goal of a bill of particulars is satisfied if the defendant is aware of the 'theory of the government's case.'"). Moreover, because it confines the government's case to the particulars furnished, a bill of particulars should not be granted insofar as it would unduly restrict the government's ability to present its case. United States v. Gibson, 175 F. Supp. 2d 532, 536 (S.D.N.Y. 2001) (citing United States v. Perez, 940 F. Supp. 540, 550 (S.D.N.Y. 1996)). Finally, "[t]he decisive inquiry in deciding such a motion is whether the indictment adequately advises 'the defendant of the specific acts of which he is accused.'" Santiago, 174 F. Supp. 2d at 34 (quoting United States v.

////

5

Torres, 901 F.2d 205, 234 (2d Cir. 1990)); see also United States v. Davidoff, 845 F.2d 1151, 1154-55 (2d Cir. 1988).

IV.     DISCUSSION

A. Law of the Case Doctrine

The law of the case doctrine generally precludes a court from reconsidering an issue that has been previously decided by the same court or a higher court in the same case. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1977). For the doctrine to apply, the issue in question must have been decided either explicitly or by necessary implication in the prior disposition. Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied 508 U.S. 951 (1993). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. Arizona v. California, 460 U.S. 605, 618 (1983). A court may have discretion to depart from the law of the case where (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. Alexander, 106 F.3d at 876. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. Thomas, 983 F.2d at 155.

B. Defendants' Entitlement to a Bill of Particulars Was Previously Decided as to Count One

The previous motion for a bill of particulars, ECF No. 914, was filed on November 2, 2021 by defendant Brady, who has joined in the present motion; it was joined by defendant Corbett, who filed the present motion together with defendant Yandell. The earlier motion sought answers to 19 questions about the charged conspiracy generally. See ECF No. 914 at 2-3. These questions covered the substance of all twelve questions presented in the instant motion that relate to the conspiracy generally. Compare ECF No. 914 at 2-3 with ECF No. 1430 at 7-8. Although the language of the particulars sought is not always identical, the substance of the inquiries in the two motions is the same.

////

////

Magistrate Judge Barnes denied Brady's 2021 motion, finding in pertinent part that the indictment[2] adequately alleged the scope and details of the conspiracy and that the affidavit in support of the complaint provides "more than ample information to inform defendants of the charges against them." ECF No. 959 at 6-7. In denying reconsideration of that ruling, Judge Mueller cited the general rule that defendants are not entitled to details about when exactly a conspiracy began, who all the conspirators were, all overt acts making up the alleged conspiracy, or other details of the sort sought by defendants. ECF No. 1151 at 4 (citing United States v. DiCesare, 765 F.2d 890, 897–98 (9th Cir.), amended on other grounds, 777 F.2d 543 (9th Cir. 1985), and Rubio v. United States, 22 F.2d 766, 767 (9th Cir. 1927)). Judge Mueller affirmed Judge Barnes' conclusion that the indictment, complaint and discovery in this case are collectively sufficient for trial preparation and prevention of surprise, and that the motion for further detail amounted to an improper attempt to obtain discovery. Id. at 4-5.

Accordingly, requests (a) through (l) of the instant motion, ECF No. 1430 at 7-8, have been previously decided. The law of the case doctrine therefore bars consideration of these requests absent an established exception to the doctrine.

### C. Defendant Corbett's Entitlement to a Bill of Particulars Was Previously Decided as to Special Sentencing Factor Number 9

Corbett's joinder in the previous motion sought answers to fourteen specific questions related to Special Sentencing Factor 9, alleging his involvement in the murder of Doug Maynard. ECF No. 923 at 5-6. All present requests as to this sentencing factor, ECF No. 1430 at 9, are included within the scope of the previous motion. In denying the earlier motion, Judge Barnes did not distinguish between the availability of a bill of particulars as to Claim One generally and as to the Special Sentencing Factors. She denied the motion in its entirety on the grounds specified above, and Judge Mueller affirmed on the grounds specified above. In sum, the court concluded that the information provided in the charging documents is adequate, particularly as supplemented by discovery, and that the government is not obligated to provide greater factual

---

[2] Although the indictment referenced in the 2021 orders has since been superseded, the pertinent language is materially unchanged.

7

detail via bill of particulars. This conclusion was applied equally to the alleged overall RICO conspiracy and to the specific conspiracies to murder that are alleged as Special Sentencing Factors.

Accordingly, requests (r) through (v) of the instant motion, ECF No. 1430 at 9, have been previously decided. The law of the case doctrine therefore bars consideration of these requests absent an established exception to the doctrine.

### D. Defendant Yandell's Entitlement to a Bill of Particulars Regarding Special Sentencing Factor Number 2 Was Decided by Implication

Defendant Yandell did not join the previous motion, so his requests specific to Special Sentencing Factor No. 2—involving the murder of Hugo Pinell—were not presented to or decided by Judges Barnes and Mueller. However, it is the law of the case that the defendants in this case (Brady and Corbett and, by implication, their co-defendants) are not entitled to a bill of particulars detailing the conduct alleged to have constituted their individual actions related to the overall conspiracy or related to the murders charged in the Special Sentencing Factors. Accordingly, the law of the case bars consideration of requests (m) through (q), ECF No. 1430 at 8-9, absent an exception to the law of the case doctrine.

### E. The Record Does Not Support an Exception to the Law of the Case Doctrine

Defendants argue that the passage of time since Judge Barnes denied the previous motion for a bill of particulars, together with the current procedural posture of the case, constitutes a change in circumstances that warrants a departure from the law of the case. They argue also that fundamental fairness requires the motion be granted, an argument the court construes as reliance on the exception to prevent manifest injustice.[3] See Alexander, 106 F.3d at 876 (discussing exceptions).

---

[3] The parties did not brief the law of the case doctrine expressly. The government argued that the present motion amounted to an improper bid for reconsideration of the previous matter (an argument that implicitly asserts the law of the case doctrine), see ECF No. 1456, and defendants countered that they were not seeking to reopen the prior motion but bringing a new one, ECF No. 1490. At hearing the undersigned framed the question in law of the case terms, and defense counsel confirmed that they rely on changed circumstances and fairness considerations.

The approach of a trial date understandably increases defendants' sense of urgency in better understanding the case they will face at trial. The large volume of discovery produced to the defense since rejection of the previous motion cuts both ways: the government continues to assert that the defendants have been provided ample information about the case against them; defendants contend that the overwhelming volume of information increases rather than obviates the need for a bill of particulars to identify the government's theory of the case as to each defendant's actions. However, neither the passage of time nor the present status of the case has any effect on the ongoing validity or applicability of the rulings that constitute the law of the case. The prior rulings did not turn on any case-specific circumstances that have materially changed, nor were they based on analysis that no longer applies. To the contrary, the law of the case is that the defendants are simply not entitled to the level of specificity they seek regarding the factual allegations of the indictment. Accordingly, the undersigned is not free to consider de novo the arguments and authorities that the moving defendants present in support of a different result. It would be an abuse of the court's discretion to do so. See Thomas, 983 F.2d at 155.

Defendants' fundamental fairness argument cannot change this conclusion because that argument – that the failure to provide them with greater detail of the government's case deprives them of an adequate opportunity to prepare and defend – is an argument rejected on the previous motion. Whether or not the undersigned would have ruled the same way as Magistrate Judge Barnes did on the 2021 motion, adherence to the law of the case cannot be said to create manifest injustice. Accordingly, there is no basis for departure from the law of the case.

## CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that defendants' motion for a bill of particulars, ECF Nos. 1430 and 1447, is DENIED.

DATED: May 10, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE