UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:19-cr-00107-KJM |
| Plaintiff, | ORDER |
| v. | |
| Ronald Yandell. et al., | |
| Defendants. | |

More than a year ago, this court denied defendants Pat Brady's and Jason Corbett's motion to reject a decision by Magistrate Judge Deborah Barnes, who had denied their request for a bill of particulars. *See generally* MJ Order (Dec. 14, 2021), ECF No. 959, *recons. denied*, Prev. Order, ECF No. 1151. In the months that followed, the government filed a superseding indictment, which for the first time charged several defendants with crimes punishable by death, although the government has not yet disclosed whether it will actually seek the death penalty. *See generally* Superseding Indictment, ECF No. 1375.[1] Brady and Corbett, joined by defendant Ronald Yandell, then renewed their request for a bill of particulars. *See generally* Mot., ECF No. 1430; Brady Joinder, ECF No. 1447. Magistrate Judge Allison Claire denied the motion. *See*

---

[1] On the day the government was required to give notice whether it intended to seek the death penalty, it requested an extension of time to do so. The court will determine whether to grant the government's request after hearing from the parties. *See* Min. Order, ECF No. 1592.

1

1   *generally* MJ Order (May 11, 2023), ECF No. 1519.  She found no meaningful differences in the
2   circumstances or reasoning behind the previous and current motions, so she concluded she was
3   bound to deny the current motion by the "law of the case."  *See id.* at 6–9.

4   Defendants Corbett and Yandell now ask this court to reconsider that conclusion.  *See*
5   *generally* Mot., ECF No. 1526.  They argue Judge Claire was not bound to deny their motion, *id.*
6   at 5–6, and they ask this court to revisit its own assessment of Judge Barnes's conclusions, *see id.*
7   at 6–20.  The court received full briefing, *see generally* Opp'n, ECF No. 1550; Reply, ECF
8   No. 1563, and heard oral arguments at a status conference on July 19, 2023, Mins., ECF No.
9   1566.  Brad Levenson appeared for Yandell, Kresta Daly appeared for Corbett, and David
10  Spencer appeared for the United States.

11  The history of orders and motions leading up to this one sets up a rather complex legal
12  question: by what standard does a district judge decide whether a magistrate judge erred in
13  concluding she was bound by the district judge's previous decision that a different magistrate
14  judge had neither clearly erred nor acted contrary to law?  But ultimately it is not necessary to
15  decide whether Judge Claire was bound by the law of the case.  This court may revisit its own
16  pretrial decisions in a criminal case if the circumstances have changed or if the previous decisions
17  rested on any clear errors, among other reasons.  *See United States v. Lopez-Cruz*, 730 F.3d 803,
18  811 (9th Cir. 2013); *United States v. Davis*, No. 98-00114, 2021 WL 1122574, at *2 (E.D. Cal.
19  Mar. 24, 2021), *aff'd*, No. 21-10094, 2022 WL 1090945 (9th Cir. Apr. 12, 2022).  The defendants
20  have not shown the circumstances have changed, they have identified no clear errors, and they
21  have not offered another persuasive reason to reconsider, so the court will not revisit the dispute
22  raised by their motion, as explained further below.

23  First, although the superseding indictment includes new charges that carry the potential of
24  death, the government did not make new allegations about what actions the defendants took or
25  what they said.  The defendants have not identified any changes in the relevant law.  Nor have
26  they explained why the new charges are likely to change the government's theory of their
27  liability.  Now, as before, the defendants have the criminal complaint and attached affidavit,
28  which often details the alleged conspiracy meticulously.  *See* Prev. Order at 5.  And now, as

before, the defendants have the extensive discovery materials the government has produced. *See id.* at 2.

Second, Yandell argues the court should revisit its decision because he could not join Corbett's and Brady's previous motion. *See* Mot. at 7–8, 13. Yandell has not shown his circumstances differ from Brady's or Corbett's, at least not in a way that makes a difference for his request for a bill of particulars. Nor has he demonstrated that by deciding the motion without him, the court did not hear arguments he would have raised. Although Yandell could not and did not advance arguments about allegations specific to him, such as those about the murder of Hugo Pinell, the arguments he now advances alongside Brady and Corbett echo those this court and Judge Barnes have already considered. For example, Yandell argues now, as Brady and Corbett argued in their previous motion, that a bill of particulars was necessary because the indictment did not detail their participation in the alleged conspiracy, such as by specifying "the location, the persons present at the time, the form of the alleged agreement and the words or conduct," and they argued the indictment fell short because it did not elaborate on the alleged conspiracy to make bribes or transport stolen vehicles. Prev. Mot. Recons. at 8–11, ECF No. 969; *see also* Mot. at 14 (location); *id.* at 15–16, 16–17 (time); *id.* at 16 (form of agreement); *id.* at 17–18 (bribery and stolen vehicles).

Third, the defendants have not shown this court's previous order rested on any clear errors. A request for a bill of particulars may be granted if necessary to inform defendants of the "nature of the charges" against them, to "avoid or minimize the danger of surprise" at trial, and to allow defendants to challenge indictments that, by framing charges vaguely, could permit repeat prosecutions for what is really the "same offense." *Unites States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (citation and quotation marks omitted). But criminal defendants are not entitled to know "all the *evidence* the government intends to produce." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original). Defendants may not, for example, demand the names of unknown conspirators, the conspiracy's exact beginning and end dates, or a list of all "overt acts" behind the charge. *United States v. DiCesare*, 765 F.2d 890, 897–98, *amended on other grounds*, 777 F.2d 543 (9th Cir. 1985). Extensive discovery of the government's evidence

can also avoid uncertainties and surprises at trial and so "obviate the need for a bill of particulars." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). In all, federal district courts have "very broad discretion in ruling upon requests" for bills of particulars. *Will v. United States*, 389 U.S. 90, 98–99 (1967).

Yandell, Brady, and Corbett have the advantage of the indictment itself, a criminal complaint that describes the alleged conspiracy in more than 140 pages, and many thousands of documents and recordings produced in discovery. *See* Prev. MJ Order at 6–8; Prev. Order at 2, 4–6. Now, as before, the defendants' list of requests for information go beyond seeking an understanding of the government's theory to an investigation of how the government will prove its case at trial. For example, they ask for "the precise words or conduct by which Mr. Yandell and Mr. Corbett allegedly entered" the alleged conspiracy, the names of all co-conspirators not named in the indictment, a list of their alleged actions to further the conspiracy, and "the names and addresses" of anyone else who was present when they committed these acts. *See* MJ Order at 2–4.

At hearing, Yandell and Corbett emphasized their position that they do not have information about charges related to the murders of Hugo Pinell and Doug Maynard. They urged the court to reconsider its conclusion that Judge Barnes did not clearly err when she decided that the indictment, criminal complaint, and discovery sufficed. *See* Prev. Order at 4–6. The court perceives no clear error in its previous order. The criminal complaint, for example, discusses both murders and the government's theory of Yandell's and Corbett's connection to those murders. *See* Compl. at 33–36 (Pinell); *id.* at 111–16 (Maynard).

Because the circumstances have not changed since this court's prior order and the court finds no clear error in the prior decisions, the motion to reconsider (ECF No. 1526) is **denied**.

IT IS SO ORDERED.

DATED: August 28, 2023.

CHIEF UNITED STATES DISTRICT JUDGE