1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     United States of America,                    No. 2:19-cr-00107-KJM

12                     Plaintiff,                    ORDER

13            v.

14     Ronald Yandell, Daniel Troxell, William
       Sylvester, and Jason Corbett,
15

16                     Defendants.

17

18          For the reasons explained in this order, the United States' motion (ECF No. 1699) for a

19     pretrial finding of a conspiracy for purposes of Federal Rule of Evidence 801(d)(2)(E) is **denied**.

20          The United States alleges defendants Ronald Yandell, Daniel Troxell, William Sylvester,

21     Brant Daniel, Pat Brady, Jason Corbett and others—allegedly members or associates of the Aryan

22     Brotherhood—were part of a conspiracy to commit murder and distribute controlled substances in

23     violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), among

24     other things.  A trial is set to begin on these and other charges against defendants Yandell,

25     Troxell, Sylvester and Corbett in February 2024.[1]

---

[1] Defendants Daniel and Brady recently have entered changes of plea, each pleading guilty to one charge in the Superseding Indictment, with the result the court has vacated the trial date as to them.  *See* Mins. for Change of Plea Hr'g, ECF No. 1782 (Brady); Mins. for Change of Plea Hr'g, ECF No. 1766 (Daniel).

1        Several months ago, the same defendants moved to compel the government to disclose

2    before trial which statements it will attempt to introduce at trial in reliance on the hearsay

3    exception in Federal Rule of Evidence 801(d)(2)(E).  That rule permits a court to admit

4    statements by a party's co-conspirator in some situations: "A statement that meets the following

5    conditions is not hearsay: . . . The statement is offered against an opposing party and . . . was

6    made by the party's coconspirator during and in furtherance of the conspiracy."  Fed. R. Evid.

7    801(d)(1)(E).

8        The court denied the defendants' motion.  *See generally* Order (Feb. 16, 2023), ECF No.

9    1444.  Rather than ordering the government to disclose specific statements before trial, the court

10    decided it would permit the government to introduce those statements provisionally at trial—i.e.,

11    subject to later proof of the necessary conspiracy and with the understanding that if the

12    conspiracy went unproven, the defense could move to strike the hearsay and even seek a mistrial.

13    *See id.* at 4, 10.  Among other reasons, the court found the government also had already disclosed

14    a great deal of information about how it intended to prove a conspiracy, and at the time several

15    defendants other than the six listed above had entered plea agreements and had admitted to

16    participating in a conspiracy.  *See id.* at 8–9.  These disclosures reduced the risk of a successful

17    defense motion to strike by reducing in turn the risk the government would not ultimately prove

18    the prerequisite conspiracy.  *Id.*  And finally, waiting until trial would allow the court to make the

19    required evidentiary decisions with a better illustration of each statement's context.  *Id.* at 9.

20        Although the court was satisfied the risk of successful motions to strike and for a mistrial

21    likely is lower in this case than others, the court declined the government's request to find then

22    and there it had already proven the necessary conspiracy.  *See id.*; *see also* Opp'n Mot. Disclose

23    at 6–15, ECF No. 1334.  The court did not rule out the possibility the government could make the

24    necessary showing in a pretrial motion.  Order (Feb. 16, 2023) at 9.  Nor did it rule out the

25    possibility the defense could successfully move to exclude specific statements before the trial

26    began.  *Id.*

27        The government now moves for "a pretrial finding that the Aryan Brotherhood was a

28    'conspiracy' for purposes of Rule 801(d)(2)(E)."  Mot. at 1, ECF No. 1699.  It does not ask the

1    court "to rule that any specific statements are in furtherance of the conspiracy." *Id.* at 16.  At this

2    point, Yandell, Troxell, Sylvester and Corbett oppose that motion, first because the "conspiracy"

3    in question is so expansive, *see* Opp'n at 4–5, ECF No. 1724, and second because the government

4    does not identify any specific statements or their context, *see id.* at 5–6.  The government replied,

5    ECF No. 1745, and the court heard arguments at combined motion hearings and status

6    conferences on December 20, 2023, Mins., ECF No. 1768, and January 10, 2024, Mins., ECF

7    No. 1794.

8          The defense has persuasively explained two faults in the government's motion.  First,

9    practically speaking, the government's burden is to prove three things for each statement it offers

10   under Rule 801(d)(2)(E): (1) there was a conspiracy involving the person who made the statement

11   and the defendant or defendants against whom the statement will be admitted, (2) the statement

12   was made during that conspiracy, and (3) the statement was made "in furtherance" of that

13   conspiracy.  *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (quoting Fed. R. Evid.

14   801(d)(2)(E)).  As these elements make clear, "context is important."  *United States v. Marino*,

15   277 F.3d 11, 26 (1st Cir. 2002).  The conspiracy during which a statement is made might be

16   different from the conspiracy in the indictment, broader or narrower, overlapping or independent.

17   *See, e.g.*, *United States v. Musaibli*, 42 F.4th 603, 615 (6th Cir. 2022); *Marino*, 277 F.3d at 25–

18   26; *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999).  And a court cannot decide whether

19   a statement is admissible under Rule 801(d)(2)(E) without proof the speaker and listener were

20   part of the same ongoing conspiracy and there was a connection between that conspiracy and

21   statement.  *See, e.g.*, *Musaibli*, 42 F.4th at 614–19 (considering carefully whether evidence

22   showed particular documents furthered specific terroristic, conspiratorial ends).

23         When courts have allowed the government to rely on the hearsay exception in Rule

24   801(d)(2)(E), they typically have done so with the benefit of a record identifying specific

25   statements and their context, including in the cases the parties emphasize in their briefing and in

26   arguments on the pending motion.  In *Musaibli*, for example, the government had identified

27   several specific exhibits before trial.  *See* 42 F.4th at 609, 614–19.  In *Gigante*, the Second Circuit

28   held it was error for the district court to have decided during trial that "there [was] a general

1    overriding conspiracy," but the appellate court agreed some specific statements "were properly

2    admitted," whereas others were not.  166 F.3d at 83.  Context was "important" in *Marino* as well:

3    the court considered specific disputed statements, who uttered those statements, why, and in what

4    circumstances.  277 F.3d at 26.

5          Although the government offers several pages of information about its proposed

6    conspiracy, *see* Mot. at 7–15, it does not explain how it will tie any particular statement to that

7    conspiracy.  It offers only several broad "categories" of statements that might be admissible, such

8    as reports to higher-ups, discussions of future plans, and "statements arranging to sell drugs and

9    discussing the source of the drugs."  *Id.* at 16–17.  The government does point to the affidavit

10    attached to the criminal complaint, which does identify several statements or parts of statements.

11    *See* Compl. at 26 n.6, 29–30, 65, 80–84, 107–08, 110–11, 115–16, ECF No. 1.  But the

12    government does not show why these particular statements are admissible under Rule

13    801(d)(2)(E).  Nor is the government's motion limited to those statements or the period in which

14    they were made.  The government's current motion offers little more than its opposition to the

15    defense motion for pretrial disclosures.  *Compare* Mot. at 7–15 *with* Opp'n Mot. Disclose at 6–

16    15.  The court declines again now, as then, to make final decisions about admissibility without

17    knowing the speakers, the listeners, their purposes, what was said, as well as other necessary

18    context.

19          Second, the government's proposed conspiracy lacks clear limits.  Although gangs

20    organized to commit murder and sell drugs might certainly be "conspiracies" under Rule

21    801(d)(2)(E), *see, e.g.*, *Marino*, 277 F.3d at 26, prosecutors must prove there was "a specific

22    criminal conspiracy" to achieve a specific end, not just a gang, "organized crime," or "the Mafia,"

23    for example, *Gigante*, 166 F.3d at 83.  In opposition, the defense argues the government's current

24    proposal could lead to the admission of "virtually any statement made by anyone in the case over

25    three decades."  Opp'n at 5 (emphasis omitted).  That claim exaggerates the likely effect of the

26    government's proposal, but its basic thrust is persuasive.  The government's motion defines the

27    conspiracy as the Aryan Brotherhood throughout California and everyone connected to it,

28    including every defendant in this case and many unnamed others.  The proposed conspiracy spans

1   many years, possibly decades; exactly how long is unclear, as the government does not specify.

2   The purposes of the proposed conspiracy similarly are generic, such as "committing acts of

3   violence."  Mot. at 2.  A conspiracy "defined at such a general level" could lead to the admission

4   of "statements that shared no other purpose than the one superimposed on them after the fact by

5   prosecutors."  *Musaibli*, 42 F.4th at 618.

6        For these reasons, the motion (ECF No. 1699) is **denied**, but without prejudice to the

7   admission at trial of specific statements under Rule 801(d)(2)(E).

8        IT IS SO ORDERED.

9   DATED:  January 11, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE