1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   United States of America,                    No. 2:19-cr-00107-KJM

12                    Plaintiff,                   ORDER

13        v.

14   Ronald Yandell and William Sylvester,

15                    Defendants.

16

17        Defendants Ronald Yandell and William Sylvester move to prohibit the U.S. Marshals

18   Service from shackling their hands or wrists during their upcoming criminal trial. *See generally*

19   Mot., ECF No. 1889.  Defendant Daniel Troxell, who will be tried with Yandell and Sylvester as

20   a codefendant, has not joined their motion.  Jury selection is set to begin on Tuesday,

21   February 20, 2024, and the first day of trial is set for Monday, February 26, 2024.

22        Concerns about courtroom safety have led this court to employ strict security precautions

23   when these three defendants and some others have appeared in court for pretrial hearings and

24   status conferences.  Those precautions have included physical restraints.  When defendants

25   Yandell, Sylvester and Troxell have appeared in court to date, they have been restrained at the

26   legs, waist, and hands in what their attorneys refer to as "five-point restraints."  Mot. at 2.  This

27   court's local rules refer to appearances in these restraints as appearing "fully shackled."  *See* Min.

28   Orders, ECF Nos. 78, 79, 80; E.D. Cal. L.R. 401(b)(2).

1

1       According to defense counsel, a representative of the U.S. Marshal previously informed

2   the defense that the Marshals Service intends to restrain defendants at trial using similar methods,

3   i.e., chains would attach to their legs and waists and heavy buckets hidden beneath the tables

4   where they will sit, and their wrists would be restrained.  Jurors would not see the chains or

5   buckets; nor would Deputy Marshals move defendants when the jury is in the courtroom.

6       Later, however, after the defense filed their current motion, the Marshals Service

7   determined it would be sufficient to shackle defendants (1) to the buckets beneath the tables

8   where they will sit and (2) to their chairs.  These restraints would leave defendants' hands free.

9   Based on conversations with defense counsel and a representative of the Marshals Service, the

10  government "has no objection to this shackling plan and believes that the parties can also take

11  steps—such as setting up curtains or moving desks or chairs—to ensure that jurors do not see the

12  shackles."  Resp. at 1, ECF No. 1896.

13      This is a case of "compelling circumstances" that could potentially justify the use of even

14  visible physical restraints at trial.  *Duckett v. Godinez*, 67 F.3d 734, 748 (9th Cir. 1995) (alteration

15  omitted) (quoting *Jones v. Meyer*, 899 F.2d 883, 885 (9th Cir. 1990)).  Defendants Yandell,

16  Sylvester and Troxell previously have been convicted of violent felonies, they are currently

17  serving custodial sentences for those crimes, and the government has alleged they are members of

18  the Aryan Brotherhood, a prison gang with a history of attempted murders in the presence of

19  correctional officers.  *See, e.g.*, Nehring Aff. at 30–32, ECF No. 1; Rule 404(b) Notice at 6–9,

20  ECF No. 1829-1.  The government also has cited evidence that could show Yandell and Sylvester

21  have targeted and even assaulted a correctional officer while this case has been pending.  *See*

22  Rule 404(b) Notice at 8–9, ECF No. 1829-1.  Still other evidence cited in the government's

23  pretrial filings could prove members of the Aryan Brotherhood manipulated prison safety

24  procedures to clear the way for a murder.  *See, e.g.*, Rule 404(b) Notice at 6–7.  Finally, conflicts

25  and animosity between witnesses and defendants—and between and among the defendants

26  themselves—also present a serious security risk at this trial.  *See generally, e.g.*, Yandell Mot.

27  Sever, ECF No. 1838; Sylvester Mot. Sever, ECF No. 1839; Troxell Mot. Sever, ECF No. 1841;

28  Request to Seal, ECF No. 1795-1.

1    As required by Ninth Circuit precedent, the court has considered whether "less restrictive

2  alternatives" than full shackling would suffice to protect the security of the courtroom at trial.

3  *Duckett*, 67 F.3d at 748 (quoting *Jones*, 899 F.2d at 885); *accord, e.g.*, *United States v. Cazares*,

4  788 F.3d 956, 963–66 (9th Cir. 2015).  Given the absence of any objection to the use of leg and

5  waist restraints at trial, the court finds the restraints described in the government's response at

6  ECF No. 1896 are a less restrictive, viable alternative to full shackling at trial.  The motion at

7  ECF No. 1889 is **granted in part** to that extent.  The court may revisit this decision as the trial

8  progresses if circumstances as they develop suggest the need for greater security.

9    IT IS SO ORDERED.

10   DATED:  February 16, 2024.

11   _____
    CHIEF UNITED STATES DISTRICT JUDGE