UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:19-cr-00107-KJM |
| Plaintiff, | ORDER |
| v. | |
| Ronald Yandell, William Sylvester and Daniel Troxell, | |

Defendants Ronald Yandell and William Sylvester move to quash the writs of habeas corpus *ad prosequendum* issued by the court to obtain their presence for prosecution here, and also move to dismiss for vindictive prosecution and for additional discovery or an evidentiary hearing. Mot., ECF No. 1801. Defendant Daniel Troxell has filed a joinder in the motion. Joinder, ECF No. 1806. The government opposes. Opp'n, ECF No. 1869. For the following reasons, the court **denies defendants' motion without prejudice**.

The United States charges defendants Ronald Yandell, William Sylvester and Daniel Troxell, allegedly all members or associates of the Aryan Brotherhood, were part of a conspiracy to commit murder and distribute controlled substances in violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), among other things. A trial is set to begin on these and other charges against defendants Yandell, Troxell and Sylvester on February 26, 2024.

1

Because defendants were previously incarcerated in California state prisons, the United States applied to the court in 2019 for writs of habeas corpus *ad prosequendum* to bring defendants into federal custody for prosecution and until their "federal prison sentence[s], if any, ha[ve] been served." Yandell Writ, ECF No. 51; Sylvester Writ, ECF No. 49; Troxell Writ, ECF No. 50. The court issued the writs as requested. Prior to seeking the writs, the government received a letter in 2018 from the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") relinquishing primary jurisdiction over defendants with respect to any federal sentences the court might impose to the federal Bureau of Prisons. *See* Secretary Letter, Opp'n Ex. 1, ECF No. 1881.

I.  **MOTION TO QUASH WRITS OF HABEAS CORPUS *AD PROSEQUENDUM***

Defendants first argue the court should quash the writs of habeas corpus *ad prosequendum* issued for all three defendants. "Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980). "[T]he sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign. This discretionary election is an executive, and not a judicial, function." *Id.* at 685. Moreover, "[i]t is [a] well recognized rule of law that a person who has violated the criminal statutes of both the Federal and State Government may not complain of the order in which he is tried or punished for such offenses." *Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir. 1950).

In their motion, defendants do not take issue with federal authority over their custodial status through trial and sentencing. *See generally* Mot. Instead, defendants focus on what they say is the writs' overbroad language providing for defendants to first serve their federal sentences in federal prison before being returned to state prison, if they are convicted in this case. *Id.* at 14–18. At hearing, however, defendants suggested they oppose every effect the writs have, including the grant of federal authority over defendants through sentencing. This argument, however, is not

fully briefed, and defendants do not provide any authority undermining the federal government's position that it has sole authority over defendants' custodial status through trial and sentencing. The government does not concede the writs are overbroad. The court does not reach the question of pre-sentencing jurisdiction here.

By virtue of California's relinquishment of jurisdiction over defendants for purposes of service of any sentences they receive if convicted at trial, the government may seek a court order requiring defendants' federal sentences to be served first before their return to state prison to complete service of their state sentences. *See Warren*, 610 F.2d at 684–85. This court does not have authority to intervene in the executive transfer of primary authority over defendants because it would violate principles of comity and the separation of powers. *See id.* at 684. Moreover, defendants, as a matter of law, would be unable to challenge which of their federal or state sentences they are required to serve first. *See Gunton*, 185 F.2d at 471. The court **denies** the motion to quash.

## II.     MOTION TO DISMISS FOR VINDICTIVE PROSECUTION

Defendants also move to dismiss for vindictive prosecution. There are two ways to establish vindictive prosecution. First, a defendant "may establish a vindictive prosecution claim 'by producing direct evidence of the prosecutor's punitive motivation,' [but] such evidence is not necessary." *United States v. Brown*, 875 F.3d 1235, 1240 (9th Cir. 2017) (citation omitted). Second, a defendant may create a rebuttable presumption of vindictiveness "by showing that the circumstances establish 'a reasonable likelihood of vindictiveness.'" *United States v. Kent*, 649 F.3d 906, 912–13 (9th Cir. 2011) (citation omitted). If the defendant makes such a showing, "the burden shifts to the government to present 'objective evidence justifying the prosecutor's action.'" *Brown*, 875 F.3d at 1240 (citation omitted). "[T]he appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982) (citation omitted). "A sequence of events is not enough; the likelihood of retaliation is crucial." *Id.* at 1171.

Defendants argue the federal government's prosecution is vindictive and is in response to the settlement in the case of *Ashker v. Governor of California*. *See* Order Granting Final Approval of Class Action Settlement Agreement, *Ashker v. Governor of Cal.*, No. 09-579 (N.D. Cal. Jan. 26, 2016), ECF No. 488. Defendants Yandell and Troxell were plaintiffs in *Ashker*, in which the court issued an order prohibiting the CDCR from housing inmates in solitary confinement for extended periods of time because of their affiliation with a known prison gang, ultimately resulting in the release of Yandell and Troxell from solitary confinement and their ability to move and communicate in the prison more freely. *See id.* In this case, the government does reference the *Ashker* settlement in the criminal complaint filed before the grandy jury indicted defendants. But the references are in the course of providing a chronology of the background of this case, given that once Yandell and Sylvester were released from solitary confinement as required by the *Ashker* settlement, they then allegedly engaged in the acts supporting the charges here. Compl. at 23–27, ECF No. 1. Defendants also point to a statement by the lead Assistant United States Attorney in this case memorialized in a transcript of a debrief interview from the government's investigation. The statement is transcribed as follows: "[i]t may be one of the underlying rationale[s] for this case is that at some point there has to be some additional consequence [for 'validated gang members']." Debrief Transcript at 1:36:18, Mot. Dismiss Ex. E, ECF No. 1801. The government argues persuasively this statement reflects "legitimate prosecutorial considerations—ensuring consequences for serious crimes and focusing on the most culpable offenders, such as the leaders of criminal organizations." Opp'n at 6. The court finds the statement is not direct evidence of vindictiveness.

Defendants also do not establish a rebuttable presumption of vindictiveness. The government has persuasively argued, with support, that this prosecution is a direct result of information learned from wiretap interceptions[1] and defendants have not pointed to any evidence other than the one prosecutor's statement suggesting it is more likely than not this prosecution is

---

[1] Defendants Yandell and Sylvester have filed a motion to suppress the proceeds of the wiretap intercepts, Mot. Suppress, ECF No. 1836, which Troxell has joined, Troxell Joinder, ECF No. 1836, and the government has opposed, Opp'n Mot. Suppress, ECF No. 1858. The court addresses this motion in a separate order.

the result of vindictiveness. Even if defendants had made such a showing, the government has carried its corresponding burden by "present[ing] 'objective evidence justifying the prosecutor's action," namely the foundational information from the wire-tap interceptions. *Brown*, 875 F.3d at 1240; *see, e.g.*, Compl. at 66, 75–82, 106–116.

For these reasons, the court **denies** the motion to dismiss on vindictiveness grounds without prejudice.

### III.    REQUEST FOR DISCOVERY AND EVIDENTIARY HEARING

Defendants alternately request the court grant discovery and an evidentiary hearing allowing them to probe prosecutorial motive in this case. *See* Mot. at 21–22. "[A] criminal defendant may be entitled to discovery if he or she establishes a prima facie showing of a likelihood of vindictiveness by some evidence tending to show the essential elements of the defense." *United States v. One 1985 Mercedes*, 917 F.2d 415, 421 (9th Cir. 1990) (citation omitted). To establish a prima facie case, a defendant "must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Edmonds*, 103 F.3d 822, 826 (9th Cir. 1996) (internal quotation marks and citation omitted). For the same reasons reviewed above, defendants have not established a prima facie showing of a likelihood of vindictiveness. The court **denies** defendants' request for discovery and an evidentiary hearing.

This order resolves ECF No. 1801.

IT IS SO ORDERED.

DATED: February 22, 2024.

CHIEF UNITED STATES DISTRICT JUDGE