UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:19-cr-00107-KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Ronald Yandell, William Sylvester and Daniel Troxell, | |
| Defendants. | |

   Defendants Ronald Yandell and William Sylvester move to suppress wiretap intercepts of conversations made during calls to or from Yandell's contraband cellphone; they also request an evidentiary hearing. Mot., ECF No. 1836. Defendant Daniel Troxell has filed a joinder in the motion, Joinder, ECF No. 1846, and the government opposes the motion, Opp'n, ECF No. 1858. The court held a hearing on the motion on February 9, 2024. The court **denies the motion to suppress**.

   The court previously has determined defendants do not have standing under the Fourth Amendment or under Title III to move to suppress proceeds of the wiretap intercepts. Prior Order at 5–9, ECF No. 1365. Defendants do not cite the court's prior order or acknowledge it in their motion. *See generally* Mot. At hearing, defendants clarified the instant motion is not meant to be a motion for reconsideration and is instead meant to preserve the issue for appellate review.

In making their arguments at hearing, the parties focused not on the standing question, which the court indicated it would not reconsider, but rather on the difference between "expansions" and "extensions" of wiretap applications as potentially relevant here. Defendants argued the government did not establish probable cause or Title III necessity for the "expansion" of its wiretap application and that these omissions are grounds for the court to suppress the wiretap intercepts. *See also* Mot. 10–15. The government argues defendants have conflated the requirements for "extensions" of time in wiretap applications with those for "expansions" of the content covered by wiretap applications and orders. Opp'n at 14–16. The Ninth Circuit has explained the government must make an independent showing of necessity when there is a separate wiretap request. *See United States v. Abascal*, 564 F.2d 821, 826 (9th Cir. 1977). However, federal district courts have found "expansions" of the scope of wiretaps, as opposed to wholly separate wiretap requests, do not require an independent showing of necessity or probable cause. *See United States v. Chan*, No. 96-350, 2006 WL 278582, at *2–8 (E.D. Cal. Feb. 3, 2006); *United States v. McPherson*, No. 15-00266, 2017 WL 4478335, at *16 (D. Nev. May 8, 2017), *report and recommendation adopted*, No. 15-00266, 2017 WL 4467539 (D. Nev. Oct. 6, 2017); *United States v. Welty*, No. 11–10212, 2013 WL 690528, at *2 (D. Mass. Feb. 26, 2013). Moreover, as the government points out, the "expansion" of wiretap applications seeking to uncover evidence of additional crimes "interwoven" with the offenses targeted by the original application does not require the government to seek the court's authorization of an entirely new wiretap under Title III. *See* Opp'n at 9–10; *United States v. Bennett*, 219 F.3d 1117, 1123 (9th Cir. 2000) (denying motion to suppress wiretap intercepts where a wiretap targeting drug conspiracy led to information regarding a murder-for-hire plot, which was "interwoven" or "part and parcel of the larger drug conspiracy investigation"). Here, the target offense in the original wiretap application was drug trafficking, the initial interceptions uncovered "violence- and enterprise-related calls" tied to the drug trafficking at issue and the government subsequently sought and obtained the court's authorization for the wiretap's expansion. *See* Opp'n at 10; *United States v. Petti*, 973 F.2d 1441, 1446 (9th Cir. 1992).

With this observation, the court does not reach the full merits of the questions raised by the defendants' motion because it resolves the motion on grounds of standing, incorporating by reference the reasoning from its prior order. *See* Prior Order at 5–9.

The court **denies** the motion to suppress the wiretap intercepts for lack of standing. Because defendants do not have standing to move to suppress the wiretap intercepts, the court also **denies** defendants' request for an evidentiary hearing.

This order resolves ECF No. 1836.

IT IS SO ORDERED.

DATED: February 22, 2024.

CHIEF UNITED STATES DISTRICT JUDGE