UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>    v.<br><br>Ronald Yandell,<br><br>                    Defendants. | No. 2:19-cr-00107-KJM<br><br>ORDER |

       Jury selection began for the trial in this case on February 20, 2204, and trial began on February 26, 2024.  The government currently is nearing the point at which it will formally rest its case in chief, and with the parties' agreement, defendants Ronald Yandell and Daniel Troxell have begun to present their cases in chief, with witnesses going out of order to accommodate witness schedules and follow the schedule the court adopted before trial began.  Mr. Yandell's defense case in chief is expected to continue later today, April 1, 2024.

       On March 4, 2024, Mr. Yandell's counsel filed a nonpublic list of potential defense witnesses, comprising a total of 42 persons.  According to public records, at least 39 of these persons are currently incarcerated inmates in custody of the California Department of Corrections and Rehabilitation (CDCR).  On March 18, 2024, counsel emailed the court and opposing counsel a shorter list of 17 witnesses, including 7 incarcerated inmates.  Starting the next day, March 19,

2024, the court began issuing writs and subpoenas for all the witnesses, incarcerated and not, that Mr. Yandell has sought to have testify during his case in chief at trial. The court also has convened almost daily *in camera* sessions to discuss the logistics for transporting the inmate witnesses to trial, which sessions have included Yandell's counsel, counsel for CDCR and representatives of the U.S. Marshals Service. Initially, Mr. Yandell's counsel indicated he would not seek to compel any inmate witness to testify and specifically stated he would not seek to have any inmate extracted from his cell.

On March 28, 2024, during an *in camera* session, counsel advised the court that Mr. Yandell's position had changed, and that he would seek to have any inmate witness extracted from his cell who refused transport subject to the court's writ. In a letter to the court dated March 29, 2024, confirming an updated witness list, Mr. Yandell's counsel wrote, among other things, that "[w]itnesses on both lists [of inmates and CDCR officials or retirees] have expressed a reluctance to travel to Court to testify. Mr. Yandell's [*sic*] has requested the compulsory process of the Court to produce these witnesses."

The court has addressed one CDCR retiree's motion to quash after hearing from Mr. Yandell and counsel for CDCR on an expedited basis; it denied the motion to quash. The court issues this order to clarify that an informal request for compulsory process is insufficient to call for the court's response. The court will address questions related to any witness's response to a writ or subpoena only in response to a formal motion to quash or formal motion to compel compliance filed timely on the docket of this action.

IT IS SO ORDERED.

DATED: April 1, 2024.

CHIEF UNITED STATES DISTRICT JUDGE