UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:19-cr-00107-KJM |
| Plaintiff, | ORDER |
| v. | |
| Ronald Yandell, | |
| Defendant. | |

Defense counsel for Ronald Yandell seeks an order from the court compelling immunity for inmate Danny Jones. The court previously has granted Mr. Jones' motion to quash the writ requiring Mr. Jones' appearance as a trial witness during Mr. Yandell's defense case-in-chief, on Fifth Amendment grounds.

The court has carefully reviewed the parties' briefing on the question of compelled immunity, considered the parties' arguments during hearing and consulted relevant authority, including *United States v. Straub*, 538 F.3d 1147 (9th Cir. 2008), *United States v. Wilkes*, 744 F.3d 1101 (9th Cir. 2014) and *United States v. Galecki*, 89 F.4th 713 (9th Cir. 2023). *See* Hr'g Mins. (Apr. 9, 2024), ECF No. 2215. In resolving Mr. Yandell's motion, the court applies the two-part test articulated in *Straub*:

> (1) the witness's testimony would have been relevant, and (2) the prosecution refused to grant the witness use immunity with the

1

>> deliberate intention of distorting the fact-finding process . . . . To demonstrate the prosecutorial misconduct of the second prong, [the defendant] must show that the prosecution intentionally caused a defense witness to invoke the Fifth Amendment right against self-incrimination, or that the prosecution granted immunity to a government witness in order to obtain that witness's testimony, but denied immunity to a defense witness whose testimony would have directly contradicted that of the government witness.

*Straub*, 538 F.3d at 1156 (quoting *Williams v. Woodford*, 384 F.3d 567, 600 (9th Cir. 2004)) (emphasis omitted).

The court finds the first element of this test is satisfied, as the government conceded at hearing. Regarding the second prong of the test, the court finds the prosecution in this case has not made immunity decisions "with the purpose of distorting the fact-finding process." *Straub*, 538 F.3d at 1157. In assessing whether the other facet of the second prong is satisfied, the court has considered whether Mr. Jones' proposed testimony would "directly contradict[]" the government's witness, Travis Burhop. *See id.* at 1162. The court finds it would not. As the government argued at hearing, the relevant record reflects Mr. Burhop testified about a specific phone call -- regarding the killing of Hugo Pinell -- of which Mr. Jones has no knowledge and which he cannot directly contradict. In *Wilkes*, the Ninth Circuit observed direct contradiction occurs when two witnesses' respective testimony "cannot simultaneously be true." 744 F.3d at 1106. Most recently in *United States v. Galecki*, the Circuit has more narrowly circumscribed the meaning of the "requisite direct contradiction" as "directly contradictory testimony concerning the critical content of a specific conversation that occurred at a particular place and during a particular timeframe." *See Galecki*, 89 F.4th at 734 (citing *Straub*, 538 F.3d at 1162–63). Mr. Jones, having no knowledge of Mr. Burhop's phone call, could not directly contradict the "critical content" of that call. Moreover, even under *Wilkes*, the testimony of Mr. Burhop and the proffered testimony of Mr. Jones both could be true: the phone call Mr. Burhop testified happened and Mr. Littrell's independent orchestration of Pinell's killing that Mr. Jones purportedly would describe both could have happened without any obvious or inherent

1  contradiction.  For these reasons, the court finds the second prong of the *Straub* test is not met.
2  Defendant's request to compel immunity is **denied**.
3      IT IS SO ORDERED.
4  DATED: April 15, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE