UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:19-cr-00107-KJM |
| Plaintiff, | ORDER |
| v. | |
| Ronald Yandell, Daniel Troxell and William Sylvester, | |
| Defendants. | |

For the reasons explained in this order, the court grants the United States' motion for an express finding of the existence of a conspiracy for purposes of Federal Rule of Evidence 801(d)(2)(E).

The United States charges defendants Ronald Yandell, Daniel Troxell and William Sylvester—allegedly members and leaders of the Aryan Brotherhood—with conspiracy to commit murder and to distribute controlled substances in violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), among other things. Jury selection for the trial on the charges against these defendants began on February 20, 2024, and trial began a few days later, on February 26, 2024.

Prior to the start of trial, the government filed a motion for a pretrial finding of the existence of a conspiracy for purposes of Rule 801(d)(2)(E), Prior Mot., ECF No. 1699, which the

1 court denied without prejudice, Prior Order (Jan. 11, 2024), ECF No. 1798.  The court

2 incorporates by reference here the procedural history reviewed in its prior order regarding the

3 parties' disputes concerning the questions related to the court's finding of a conspiracy.  In short,

4 the court previously decided it would permit the government to introduce the disputed statements

5 provisionally at trial, reserving any finding until later in trial once a record was established.  *Id.* at

6 2. Although the government had identified a significant amount of information before trial, the

7 court found the government's motion was insufficient in two ways.  First, the court found context

8 matters, and "without knowing the speakers, the listeners, their purposes, what was said, as well

9 as other necessary context," the court could not make a final decision regarding whether a

10 statement is admissible under Rule 801(d)(2)(E).  *Id.* at 3–4.  Second, the court found the

11 government's proposed conspiracy lacked clear limits—i.e., it appeared to include everyone

12 connected to the Aryan Brotherhood in California, including every defendant and many others,

13 the period it spanned was unclear, and the government's proposed findings were too generic and

14 broad.  *Id.* at 4–5.

15 The government has rested its case-in-chief.  *See* Mins. Jury Trial (Mar. 28, 2024), ECF

16 No. 2083; Mins. Jury Trial (Apr. 1, 2024), ECF No. 2122; Mins. Jury Trial (Apr. 2, 2024), ECF

17 No. 2128.  The government renews its motion, asking that the court make two express findings

18 before the case goes to the jury: 1) "that the California Aryan Brotherhood was a conspiracy for

19 purposes of Rule 801(d)(2)(E), and that this Aryan Brotherhood conspiracy existed from at least

20 2003 to 2021," Mot. at 2, ECF No. 2072, and 2) that the 48 individuals the government identifies

21 were members of the conspiracy, *id.* at 3–5.  Defendant Yandell opposes the motion, arguing the

22 government's motion suffers from the same problems as its prior motion.  *See generally* Opp'n,

23 ECF No. 2129.  Defendant Troxell joins in defendant Yandell's arguments in opposition to the

24 government's motion.  Troxell Joinder, ECF No. 2130.

25 Under Federal Rule of Evidence 801(d)(2)(E), a statement is not hearsay if it is "offered

26 against an opposing party" and "was made by the party's co-conspirator during and in furtherance

27 of the conspiracy."  *See* Fed. R. Evid. 801(d)(2)(E).  To succeed in admitting a statement under

28 this rule, the government has the burden of establishing the following factors by a preponderance

2

of the evidence: (1) there was a conspiracy involving the person who made the statement and the defendant or defendants against whom the statement will be admitted, (2) the statement was made during that conspiracy, and (3) the statement was made "in furtherance" of that conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (quoting Fed. R. Evid. 801(d)(2)(E)).  The court finds the government has now satisfied these three elements, and cured the insufficiency of its prior motion as explained below.

First, in its case in chief, the government provided the necessary context for properly understanding its proffered statements.  In determining whether a conspiracy existed under Rule 801(d)(2)(E), the court asks "whether there was proof of a sufficient concert of action to show the individuals to have been engaged in a joint venture[.]" *United States v. Fries*, 781 F.3d 1137, 1151 (9th Cir. 2015) (quoting *United States v. Manning*, 56 F.3d 1188, 1197 (9th Cir. 1995)). Here, the government has demonstrated by a preponderance of the evidence the California Aryan Brotherhood was a conspiracy from at least 2003 to 2020.[1]  The government corroborated the existence of this conspiracy through various sources, including: wiretapped communications capturing discussions between defendants and others;[2] testimony from law enforcement officers; testimony from CDCR correctional officers; and witness testimony from former and current members and associates of the Aryan Brotherhood including Donald Mazza, Travis Burhop, Kristin Demar and Nickolas Perez.

Second, the government's proposed conspiracy no longer lacks clear, supported temporal limits.  The government requests the court expressly find the conspiracy existed from at least 2003, when Mr. Mazza testified Mr. Troxell "was already on the commission of the Aryan

---

[1] Although the government initially requested the court find the conspiracy lasted until 2021, in response to the court's request for clarification, the government modified its request to reflect the December 2020 date at hearing on April 8, 2024.

[2] These wiretapped communications are captured in a number of trial exhibits comprising audio clips and transcripts of the audio content, with one text message thread, including the following:  44/44A, 45/45A, 46/46A, 47/47A, 49/49A, 73/73A, 100/100A, 115/115B, 117/117A/117.1A/117.2/117.2A, 118/118A, 119/119A//119.1/119.1A, 120/120A, 121/121A, 122/122A, 123/123A, 124/124A, 125 (text messages), 126/126A, 127/127/A, 128, 130/130A, 131/131A, 132/132A, 143.1/143.1A, 160/160A, 161/161A, 317/317A, 324/324A, 325/325A, 391/391A 392/392A, 393/393A.

Brotherhood," to December 2020, which is the month government witness and admitted co-conspirator Samuel Keeton testified to leaving the "Eight West" pod in Sacramento County Jail, where defendants and other co-defendants were housed pending trial. *See* Mot. at 2 & n.2. Moreover, the conspiracy does not include everyone connected to the Aryan Brotherhood in California, including unnamed individuals, but now limits the conspiracy to 48 identified individuals. *Id.* at 3–5. The evidence the government has elicited at trial has covered the actions of all 48 of these persons, either through their own testimony or statements against interest or the testimony of other trial witnesses as referenced in the government's motion. While the government continues to describe the shared interests and common objectives of the Aryan Brotherhood conspiracy in the same way as in its original motion, the details and context now developed through trial testimony now support the government's description. *See* Prior Order (Jan 11, 2024) at 5; *compare* Prior Mot. at 2 *with* Mot. at 3. The government does not define the conspiracy merely at a generic level of "organized crime" and "gang membership," and the stated objectives are not only generic goals of "breaking the law" or "committing crime." *Cf. United States v. Musaibli*, 42 F.4th 603, 618 (6th Cir. 2022). In *Musaibli*, the Sixth Circuit noted the alleged conspiracy in that case "was providing ISIS with material support and resources in the form of personnel and services[.]" *Id.* Despite the record's showing the "conspiracy at issue was large," the court found it was not "boundless." *Id.* "For example, statements made by those offering services and personnel to *other* terrorist groups are outside the limits of this conspiracy." *Id.* (emphasis in original). Similarly here, the California Aryan Brotherhood conspiracy, while large, is not boundless. Statements by those who are not helping to generate funds for the Aryan Brotherhood or those who carried out killings for a different gang are outside the limits of this conspiracy.

For these reasons, the government's motion (ECF No. 2072) is **granted**. In light of the record now before the court, the court finds the government has shown: 1) the California Aryan Brotherhood was a conspiracy for purposes of Rule 801(d)(2)(E), and that this conspiracy existed from at least 2003 to December 2020; and 2) the 48 individuals listed on pages three to five of the government's motion were co-conspirators for the purposes of Rule 801(d)(2)(E). The court

finds the statements made by these co-conspirators in furtherance of the California Aryan Brotherhood conspiracy are admissible against their fellow co-conspirators, defendants Yandell, Sylvester and Troxell.

    IT IS SO ORDERED.

DATED: April 16, 2024.

_____<br>CHIEF UNITED STATES DISTRICT JUDGE