Rene L. Valladares
Federal Public Defender
Brian D. Pugh
Assistant Federal Public Defender
Florida State Bar No. 0907294
Email: brian_pugh@fd.org
Sean A. McClelland
Assistant Federal Public Defender
Nevada State Bar No. 16581
Email: sean_mcclelland@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-6261 (Fax)

Steven G. Kalar
Kalar Law Office
California State Bar No. 189550
Email: Steven@KalarLaw.com
1569 Solano Ave. #312
Berkeley CA 94707
(415) 295-4675
(415) 338-9950 (Fax)

Attorneys for Ronald Yandell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL,<br><br>Defendant. | Case No. 2:19-CR-00107-KJM<br><br>**MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, NEW TRIAL**<br><br>Date: August 21, 2024<br>Time: 9:00 a.m.<br><br>Chief Judge Kimberly J. Mueller, United States District Court |

## I. INTRODUCTION

The government failed to adduce sufficient evidence on all elements of all counts. It particularly failed to satisfy its burden on the conspiracy counts. And Mr. Yandell maintains his earlier motion as to all elements of all counts charged against him. The Court should therefore enter a judgment of acquittal or order a new trial.

## II. BACKGROUND

Among other charges, the government indicted Mr. Yandell on a series of VICAR conspiracy-to-murder counts specifically premised on California law. ECF No. 1375 at 12–14. The government, however, did not identify any alleged overt acts related to the conspiracy in its indictment, in its proposed jury instructions, or in its proposed verdict form. *See id.*; ECF No. 2156; ECF No. 2157. And at trial, the jury heard no evidence of actual, concrete steps taken to carry out the alleged murder conspiracies in this case.

In response, Mr. Yandell has repeatedly argued that the jury could not properly convict Mr. Yandell absent proof of proper overt acts. *See, e.g.*, ECF No. 2177 at 7–10 & nn.2–4. Among other steps, and in an effort to aid both district court and later appellate review of this overt acts problem, the defense submitted a proposed verdict form that would have directed the jury to list the specific overt acts (if any) that it relied on for each conspiracy counts. *See* ECF No. 2263-3 at 2–5. In a colloquy with the Court and government, the defense emphasized that such language would help ensure that the jury had "actually undertaken its responsibility under California law [to] define overt acts":

> MR. KALAR: Yes, Your Honor. Of course Mr. Yandell will not surrender his claim that there's been a constructive amendment by failing to allege overt act, but I would note that if we do not prevail on that on appeal, should it come to that, that the overt act elucidation in the verdict form would provide the government an argument against error on appellate review.
>
> So this Court, and the Appellate Court could have the assurance that the jury did take its job seriously, did identify overt acts, elicited and listed the overt acts. So

|  |  |
|---|---|
|  | the Court, this Court and the Appellate Court, could be reassured that that responsibility was not shirked. |
|  | So by not providing the jury an opportunity to list the overt acts on review, either this Court's review in a Rule 29, should it come to that, or appellate review, there will be a complete absence of any evidence that the jury has actually undertaken its responsibility under California law [to] define overt acts. So, I think in addition to be legally appropriate, I also think it's the prudent course. |
| THE COURT: | All right. Mr. Yandell is just trying to help, Mr. Pearson. |
| MR. PEARSON: | We appreciate that, but we'll decline. |

Apr. 18, 2024, Trial Tr. 60:9–61:5. The Court denied Mr. Yandell's request, issuing instead a verdict form that omitted any mechanism for the jury to identify the overt acts (if any) that it had relied on in convicting Mr. Yandell. ECF No. 2268; *see* ECF No. 2317 (verdict). The Court's instructions similarly omitted any specifically-identified overt acts. ECF No. 2269 at 43, 47–48; ECF No. 2298 at 43, 47–48 (signed & issued version).

During closing argument, the government told the jury it could convict on the conspiracy counts based on purported overt acts like "picking up the phone to talk about the plot." Apr. 22, 2024, Trial Tr. 66:20–67:7; *see also, e.g.*, *id.* at 69:23–70:6 (claiming that "calling one another and communicating" and "talk[ing]" are overt acts). Mr. Yandell objected to such argument as legally erroneous and requested a curative instruction. *Id.* at 96:21–97:14. The Court overruled Mr. Yandell's objection and denied Mr. Yandell's request for a curative instruction. *Id.* at 99:9–14.

During trial, there was also unrebutted evidence that not all members of some conspiracies actually intended to kill the alleged victims. Two of the government's witnesses—Travis Burhop and Donald Mazza—were alleged members of some of these conspiracies. *See* ECF No. 1375 at 12 (Count Three, involving Burhop in an alleged conspiracy to murder James Mickey); *id.* at 13 (Count Five, involving Mazza in an alleged conspiracy to murder Michael Trippe). And both Burhop and Mazza specifically

3

denied having any intent to murder the alleged victims. Burhop, for instance, insisted that neither he nor Mazza intended to kill Mickey. *E.g.*, Mar. 13, 2024, Trial Tr. 72:8–19; *see also* ECF No. 2299-1 at 40–43 (collecting additional cites). And Mazza likewise repeatedly testified that he "never intended to kill Trippe." *E.g.*, Mar. 6, 2024, Trial Tr. 57:5–14; *see also* ECF No. 2299-1 at 34–37 (collecting additional cites). That evidence—by the government's own witnesses—went unrebutted.

The jury ultimately convicted all three defendants at trial of all counts, including, as specifically relevant here, convicting Mr. Yandell of the murder conspiracies in Counts Two through Six. ECF No. 2317.

## III.   ARGUMENT

The government failed to adduce sufficient evidence on all elements of all counts. It particularly failed to satisfy its burden on the conspiracy counts. And Mr. Yandell maintains his earlier motion as to all elements of all counts charged against him. Acquittal or a new trial is thus warranted.

When a jury renders a guilty verdict that conflicts with the evidence, courts have two options to correct the error.  First, under Federal Rule of Criminal Procedure 29(c)(2), "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."  "A motion for Judgment of Acquittal is reviewed on a sufficiency-of-the-evidence standard." *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (cleaned up).  "Under that standard, evidence supports a conviction, if, viewed in the light most favorable to the government, it would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *Id.*  "More than a 'mere modicum' of evidence is required to support a verdict." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010).  "[E]vidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case, or where there is a total failure of proof of a requisite element." *Id.* at 1167 (cleaned up).

Second, under Federal Rule of Criminal Procedure 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires."  "If the court

concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict [and] grant a new trial" under this rule. *United States v. Alston*, 974 F.2d 1206, 1211–12 (9th Cir. 1992) (cleaned up). "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal." *Id.* When analyzing a new trial request, a court "need not view the evidence in the light most favorable to the verdict; it may weigh the evidence" itself. *Id.* at 1211. In this capacity, the "court sits as a 'thirteenth juror.'" *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

Here, the government presented insufficient evidence on one or more elements of all counts. The Court should thus enter an acquittal or, in the alternative, exercise its broader discretion to order a new trial.

**A.  There was insufficient evidence to sustain the government's conspiracy to commit murder charges against Mr. Yandell (Counts Two through Six).**

Most significantly, the government failed to adduce sufficient evidence for a jury to convict on any of the conspiracy counts against Mr. Yandell. As specifically relevant here, the government failed to adequately plead and prove appropriate overt acts under California law. And as to at least Count Three and Count Five, it failed to prove (as required by the Court's issued jury instructions) that "the members" of the alleged conspiracy—all of them—intended to murder the alleged victims. The conspiracy charges thus particularly warrant acquittal or a new trial.

**1.  There was insufficient evidence of overt acts.**

**a.  The government did not adequately plead and prove appropriate overt acts**.

The government's principal proof issue on the conspiracy counts lies with the overt acts requirement. Those charges rest on underlying California conspiracy-to-murder predicates. And the government failed to satisfy a fundamental requirement of California conspiracy law: it must plead specific overt acts in the indictment and then

5

prove at least one of those alleged overt acts to the jury. The government here did not prove any specific overt acts—never mind ones that it had earlier alleged in the indictment. Acquittal is thus warranted.

VICAR and RICO require the government to pick specific crimes as predicates. 18 U.S.C. § 1959(a) (requiring that alleged conduct be "in violation of the laws of any State or the United States"). The government must then satisfy "each essential element" of those alleged crimes—plus additional, VICAR- or RICO-specific elements. *United States v. Muñoz-Martinez*, 79 F.4th 44, 50–51 (1st Cir. 2023). And so, when the government alleges a state-law predicate, it must prove the elements of that state law to sustain a conviction. *Id.* at 51–55 (concluding that the government's evidence could not sustain RICO conviction because the government did not satisfy requirements of underlying predicates under Puerto Rico law); *see also United States v. Adkins*, 883 F.3d 1207, 1210–11 (9th Cir. 2018) (error to permit VICAR conviction on a "federal definition" for a predicate that did not contain a "specific defense" available under state law); *United States v. Savage*, 970 F.3d 217, 274 (3d Cir. 2020) (identifying that, because "the VICAR statute requires a predicate act that is chargeable under state or federal law," most courts require the government to prove "the elements of the specific state or federal offense that is charged"); *cf. United States v. Carrillo*, 229 F.3d 177, 185 (2d Cir. 2000) (expressing "serious doubts" about the Second Circuit's apparently contrary position).

The government here alleged California predicates that required particular pleading—and proof—of specifically-identified overt acts. The government here alleged that the purported conspiracies at issue in Counts Two through Six were "in violation of California Penal Code Sections 182, 187, and 189." ECF No. 1375 at 12–14.

And those provisions of California law impose a series of particularly heightened overt acts requirements:

(1)   overt acts must be "expressly" pleaded in the indictment; and
(2)   at least one of the pleaded overt acts must be independently "proved" to the jury.

6

CAL. PENAL CODE § 182(b) ("Upon a trial for conspiracy, in a case where an overt act is necessary to constitute the offense, the defendant cannot be convicted unless one or more overt acts are expressly alleged in the indictment or information, nor unless one of the acts alleged is proved; but other overt acts not alleged may be given in evidence"). That pleading-and-proving requirement for overt acts is confirmed by various California authorities.[1] And it is also confirmed by California's model jury instructions, which specifically direct courts to "insert the alleged overt acts" directly into the instruction given to the jury. CAL. CRIM. JURY INSTR. 563 (2023). In short: a prosecution for conspiracy to commit murder premised on California law must both plead and prove specifically-identified overt acts. Those requirements are, in turn, incorporated into VICAR counts (like those here) premised on such conspiracies. *See Muñoz-Martinez*, 79 F.4th at 50–51. So in this context, a defendant is entitled to acquittal on a VICAR count if the government has not proven a specifically-identified overt act from the indictment. *See id.*

That warrants relief on Counts Two through Six here. The government failed the plead-and-prove requirement for all five of its alleged California murder conspiracies.

---

[1] *See, e.g.*, *People v. Fenenbock*, 46 Cal. App. 4th 1688, 1708 n.8 (Cal. Ct. App. 1st Dist. 1996) ("The prosecution must plead and prove, in addition to a criminal agreement, an overt act, and due process principles require that overt acts be pleaded with particularity to give the defendant notice of the prosecution's theory." (citations omitted)); *Feagles v. Superior Court*, 11 Cal. App. 3d 735, 739–40 (Cal. Ct. App. 5th Dist. 1970) ("[A]n overt act is an essential element of the crime of conspiracy, we look to the purpose for requiring that such act be alleged with particularity. Manifestly, the accused has the right to be informed of the charge against him and given an opportunity to prepare to meet that charge. Were the People to charge a specific overt act and fail to prove it but prove a completely different act, a defendant might be taken by surprise. This would deprive a defendant of due process of law." (citations omitted)); 19 CAL. JUR. 3D 106 (Feb. 2024 update) ("Upon a trial for conspiracy, in a case where an overt act is necessary to constitute the offense, the defendant cannot be convicted unless one or more overt acts are expressly alleged in the indictment or information. Since an overt act is an essential element in the crime of conspiracy, an allegation of conspiracy in an indictment is fatally defective unless an overt act is charged.").

1  Most significantly, it failed to plead *any* overt acts—and then failed to prove those "acts
2  alleged." CAL. PENAL CODE § 182(b); *see* ECF No. 1375 at 12–14. It had to do so; "acts
3  alleged" are "essential element[s]" on the conspiracy charges here. CAL. PENAL CODE
4  § 182(b) (first quote); *Feagles*, 11 Cal. App. 3d at 739–40 (second one); *accord*
5  *Fenenbock*, 46 Cal. App. 4th at 1708 n.8; *see Muñoz-Martinez*, 79 F.4th at 50–51
6  (essential elements of underlying state crime incorporated into RICO charges premised
7  on those state crimes). Yet the jury returned a verdict of conviction without satisfaction
8  of those elements. That was improper, and warrants a judgment of acquittal.

9  For similar reasons, permitting convictions on these facts would amount to an
10 improper constructive amendment. "The Fifth Amendment's grand jury requirement
11 establishes the 'substantial right to be tried only on charges presented in an indictment
12 returned by a grand jury.'" *United States v. Antonakeas*, 255 F.3d 714, 721 (9th Cir. 2001)
13 (quoting *United States v. Miller*, 471 U.S. 130, 140 (1985)); *see also United States v.
14 Davis*, 854 F.3d 601, 603 (9th Cir. 2017) (quoting *Antonakeas*, 255 F.3d at 721); U.S.
15 CONST. amend. V ("No person shall be held to answer for a capital, or otherwise infamous
16 crime, unless on a presentment or indictment of a Grand Jury . . . ."). Constructive
17 amendment occurs "when the charging terms of the indictment are altered, either literally
18 or in effect, by the prosecutor or court after the grand jury has last passed upon them."
19 *United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014) (citing *United States v. Von
20 Stoll*, 726 F.2d 584, 586 (9th Cir.1984)). A constructive amendment requires reversal
21 "because it destroy[s] the defendant's substantial right to be tried only on charges
22 presented in an indictment.'" *Id.* (quoting *Stirone v. United States*, 361 U.S. 212, 217
23 (1960)).

24 "A constructive amendment is an alteration to the indictment's terms 'either
25 literally or in effect, by the prosecutor or a court after the grand jury has last passed upon
26 them.'" *United States v. Singh*, 995 F.3d 1069, 1078 (9th Cir. 2021) (quoting *United
27 States v. Mickey*, 897 F.3d 1173, 1181 (9th Cir. 2018)). The Ninth Circuit has identified
28 "two kinds of constructive amendments: (1) those involving a 'complex of facts presented

at trial distinctly different from those set forth in the charging instrument' and (2) those where 'the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved.'" *Singh*, 995 F.3d at 1078-79 (citing *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017)). The problem here fits under either framing.

Two Ninth Circuit cases are particularly instructive: *Stirone v. United States*, 361 U.S. 212, 217 (1960), and *United States v. Ward*, 747 F.3d 1184, 1192 (9th Cir. 2014). In *Stirone*, the Supreme Court concluded an indictment had been constructively amended when the indictment charged the defendant with unlawful interference with the interstate movement of sand, while the trial court's instruction allowed the jury to convict for either unlawful sand or steel shipments. The Court held that the indictment could not "fairly be read" as containing the same charge as the conviction. *Stirone*, 361 U.S. at 217. Similarly, in *Ward*, the Ninth Circuit concluded an indictment had been constructively amended where there was ambiguity around whether identity theft convictions were based on the indictment's charge or "uncharged conduct." 747 F.3d at 1191. There, the jury might have convicted the defendant for aggravated identity theft against victims who were not specified in the indictment. And that meant that (the Ninth Circuit held) a constructive amendment had occurred because, since "the identity of the victims was necessary to satisfy an element of the offense," the conviction was not unequivocally based on the indictment's charged conduct. *Id*. at 1192.

So too here. Despite specifically-alleged overt acts being "essential element[s]" of the conspiracy-to-murder counts,[2] the jury returned convictions on those counts without being asked about the specifically-alleged overt acts. Worse, the jury could have—in fact, logically had to—use "uncharged" overt acts to reach those convictions. *Ward*, 747 F.3d at 1191. That makes Mr. Yandell's convictions on Counts Two through Six both

---

[2] *Feagles*, 11 Cal. App. 3d at 739–40; *accord Fenenbock*, 46 Cal. App. 4th at 1708 n.8; *see Muñoz-Martinez*, 79 F.4th at 50–51.

supported by insufficient evidence and a constructive amendment of the indictment against him. So Mr. Yandell is entitled to acquittal on those counts.

### b. The government's claimed overt acts in closing are not overt acts under California law.

Moreover, even if the Court overlooks the government's failure to provide sufficient evidence of any alleged overt act (discussed above), all the government's post-hoc claimed overt acts are independently insufficient on the merits. The only introduced evidence concerned planning- or agreement-related conduct. And such conduct is not an overt act under California law. This likewise warrants acquittal on Counts Two through Six.

Under California law, an "overt act" must be more than "mere planning or agreement." *People v. Profit*, 183 Cal. App. 3d 849, 882 (Cal. Ct. App. 2d Dist. 1986) ("An 'overt act' means any step taken or act committed by one or more of the conspirators which goes beyond mere planning or agreement to accomplish the conspiracy's object."); *see also People v. Powers-Monachello*, 189 Cal. App. 4th 400, 418–19 (Cal. Ct. App. 1st Dist. 2010) (no evidence of overt acts in conspiracy-to-possess-cocaine case where one defendant gave two small boxes to another defendant, while two other defendants were present, because there was no evidence of what was in the boxes). If all the government offers is evidence of planning or agreement, acquittal is appropriate. *Profit*, 183 Cal. App. 3d at 882; *Powers-Monachello*, 189 Cal. App. 4th at 418–19.

There was insufficient evidence to prove more than mere planning or agreement here. Perhaps most tellingly, the government itself failed to identify any such evidence in its principal closing argument. Instead, it claimed that planning and agreement themselves counted as overt acts, including that "picking up the phone to talk about the plot" sufficed to prove the overt-acts element. Apr. 22, 2024, Trial Tr. 66:20–67:7; *see also, e.g., id.* at 69:23–70:6 (claiming that "calling one another and communicating" and "talk[ing]" are overt acts). But as discussed above and in the defense's objection to the government's closing, *id.* at 96:21–97:14, such conduct does not count as an overt act

under California law, *Profit*, 183 Cal. App. 3d at 882. So the alleged conversation-based overt acts the government relied on are insufficient to convict Mr. Yandell.

Comparison to Ninth Circuit authority reveals as much. These claimed conversation-based overt acts fall short of those the Ninth Circuit has identified might support VICAR charges relying on California conspiracy law. In *United States v. Gonzalez*, 612 F. App'x 433, 435–36 (9th Cir. 2015), for instance, the Ninth Circuit found sufficient evidence of overt acts on a conversation theory where the defendant:

- had discussions with others that a rival gang member lived in their gang's territory;
- reported the rival's residential information to another person;
- told the other person that the "homies" were waiting for the rival member but they needed "a heat" (that is, a firearm);
- the other person told the defendant to tell the others to come pick up the firearm;
- the other person later called the defendant to tell him that the others had come through to pick up the firearm;
- the defendant directed those others to return "the heat" to the individual as soon as they were done; and
- the defendant warned the other person to be on alert when the other individuals came and dropped off the firearm.

*Id.*; *cf. also, e.g.*, *People v. Sconce*, 228 Cal. App. 3d 693, 703 (Cal. Ct. App. 2d Dist. 1991) (similar; sufficient evidence of overt acts where the defendant had met with one coconspirator to point out victim to coconspirator, and coconspirators had driven to victim's house after the defendant had given them address).

The alleged conversations here, by contrast, were just that: conversations. Unlike in *Gonzalez*, Mr. Yandell did not (say) coordinate getting a particular weapon to any individual to facilitate any alleged murder. At most, the government offered evidence that Mr. Yandell and his alleged co-conspirators discussed agreements to kill alleged victims and planned how that killing might be done. But such "planning or agreement" is insufficient to sustain conspiracy convictions. *Profit*, 183 Cal. App. 3d at 882. Each of

the conspiracy counts thus independently warrant either acquittal or a new trial because the government failed to prove overt acts beyond planning or preparation.

**2.  As to Counts Three and Five, the government failed to prove that "the members of the alleged conspirac[ies]" intended to murder the alleged victims—as required by the Court's issued jury instructions.**

Additionally, on two specific conspiracy counts (Counts Three and Five), the government failed to prove that "the members" of the alleged conspiracies—all of the members—had the "intent to commit murder" as required by the Court's issued jury instructions. ECF No. 2269 at 43; ECF No. 2298 at 43. That independently warrants acquittal or a new trial on those counts.

The Court's issued instructions required that the government "must" prove that "the members of the alleged conspirac[ies] had an agreement and intent to commit murder." ECF No. 2269 at 43; ECF No. 2298 at 43.³ The instruction did not caveat that language; it instead required proof of intent by "the members"—all of them. And, notably, the Court issued that specific instructional language despite repeated defense requests for instructions that would have eliminated this issue. *See* ECF No. 2177 at 7–8; ECF No. 2177-1 at 5, 7, 9, 11, 13 (requesting language that "the defendant *and one or more* of the other alleged members of the conspiracy intended" (emphasis added); no language using the unvarnished "the members" formulation); *see also* ECF No. 2271 at 3–4 (raising same issue again). The Court, in short, required proof that all the members of the alleged conspiracies to murder actually intended to murder.

---

³ Earlier in the instruction, the Court told the jury that the government also had to prove that, "at the time of the agreement," "the defendant and one or more persons in the conspiracy intended that one or more of them would intentionally and unlawfully kill." ECF No. 2269 at 43; ECF No. 2298 at 43. But the Court's paragraph on intent imposed an independent—and broader—requirement that "[t]he government must prove that the members of the alleged conspiracy had an agreement and intent to commit murder." *Id.*

That is a particular problem for Counts Three and Five. In each, one of the co-conspirators alleged in the indictment undisputedly lacked the requisite intent. Burhop lacked the requisite intent for Count Three. *E.g.*, Mar. 13, 2024, Trial Tr. 72:8–19; *see also* ECF No. 2299-1 at 40–43 (collecting additional cites). And Mazza lacked the requisite intent for Count Five. *E.g.*, Mar. 6, 2024, Trial Tr. 57:5–14; *see also* ECF No. 2299-1 at 34–37 (collecting additional cites). So there was insufficient evidence that "the members" in those counts intended to commit the murders. ECF No. 2269 at 43; ECF No. 2298 at 43. Acquittal or a new trial are thus appropriate.

**B.     Mr. Yandell maintains his Rule 29 arguments on all other elements and other charges.**

Mr. Yandell also maintains his motion for judgment acquittal and/or new trial on all other elements and on all other counts. *Cf. Graf*, 610 F.3d at 1166. To be clear, Mr. Yandell seeks relief because the government failed to meet its burden on all elements of all counts. He thus incorporates by reference all arguments made in his prior written briefing and oral advocacy, including his motion concerning proposed jury instructions, ECF No. 2177, his formal objections to the Court's final jury instructions, ECF No. 2271, and his oral Rule 29 motions presented at trial.  Mr. Yandell does not intend to waive or forfeit any grounds for acquittal on any elements on any counts.

In addition, Mr. Yandell joins Mr. Sylvester's motion raising additional arguments as to Count Ten. ECF No. 2373; *see also* ECF No. 2194. Mr. Yandell also intends to join applicable portions of Mr. Troxell's motion if it raises issues pertinent to Mr. Yandell, as well.

## IV. CONCLUSION

The government failed to adduce sufficient evidence on all elements of all counts. It particularly failed to satisfy its burden on the conspiracy counts. Acquittal or a new trial is thus warranted.

Dated June 17, 2024.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Brian D. Pugh*
BRIAN D. PUGH
Assistant Federal Public Defender

*/s/ Sean A. McClelland*
SEAN A. McCLELLAND
Assistant Federal Public Defender


Law Office of Steven G. Kalar

*/s/ Steven G. Kalar*
STEVEN G. KALAR